## RHODES *v.* STATE

[No. 154, September Term, 1958.]

280

*Decided March 16, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*Leonard A. Orman* for the appellant.

*Charles B. Reeves, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Appellant Rhodes was convicted by the court, without a jury, of receiving stolen goods of a value of more than $100.00 and sentenced to ten years imprisonment. He claims in his appeal that the evidence was insufficient to permit conviction and that the value of the goods was not shown to be $100.00 or over so that the sentence was illegal as exceeding the maximum under Code, 1957, Art. 27, Sec. 467 (three years, if the value of the goods received is under $100.00).

The testimony was that in the early morning hours of February 20, a drug store in Baltimore was broken into and $1,100.00 in cash, and narcotics, cigarettes, cigars and various other articles of the value of $1,700.00 were stolen. One

Stein was convicted of the burglary. About ten o'clock on February 19, Stein and Rhodes had come into the drug store and stayed briefly. Rhodes had prior convictions of burglary and of breaking and entering, both times with Stein. A blue suitcase and a brown leather bag, each full of things positively identified as having been in the drug store, were admittedly taken by Rhodes from Stein's home to the home of the woman with whom Stein lived—a friend of Rhodes—and put in her cellar about nine o'clock in the evening of February 20. Rhodes said when he saw Stein arrested in an alley outside his home that he told the woman about the arrest and she, in turn, asked him to bring Stein's suitcase and bag to her house, and that he did so, not knowing what was in them. She denied his version and said that a girl who lived at her house let Rhodes bring the bags in and put them in the cellar. She opened the blue bag and found it full of cartons of cigarettes. Rhodes came back to her house late that night and she told him she did not want the "stuff" in her house and to take the bags out. He said he would do so the next day. The girl living at the house corroborated this version of the occurrence. A brown cardboard box was found at the home of Rhodes' mother, in which, among other things, were a de luxe alarm clock and cartons of various kinds of cigarettes identified as taken from the drug store (the cigarettes by code numbers marked on them, the same numbers as those on the tobacco products in the blue suitcase). Rhodes admitted he had taken these things to his mother's.

The elements essential to the crime of receiving stolen goods were analyzed in *Jordan v. State,* 219 Md. 36, with such care and thoroughness as to obviate need for fresh discussion here.

The evidence in the case before us justified the finding below, beyond other than captious claim to the contrary, of all four of the elements—the receipt of the property (which may be constructive), that it was stolen when received, the knowledge of the receiver that it was stolen (which may be circumstantial and inductive), and the fraudulent intent in receiving the goods. *Polansky v. State,* 205 Md. 362; *Henze v. State,* 154 Md. 332; *Jordan v. State, supra.*

The druggist whose store was robbed, when on the witness stand, was shown a series of articles from the blue suitcase—cigarettes, cigars, fountain pens, camera, jewelry box—and then the articles in the brown leather bag—an alarm clock, stamps, cologne, thermometers, cigarette case, cigarette lighters —and identified them as stolen from his store. He was asked their value and said it would be "around" $100.00. He then similarly testified that the articles in the brown cardboard box were of a value of from $30.00 to $40.00. Appellant claims that this testimony is insufficient to show that stolen articles of the value of $100.00 or more were received. He finds support in the fact that in the brown box were articles belonging to a friend of his. The friend—brought from jail to testify—claimed that a bowling bag, a camera, an alarm clock, a gold compact, a bracelet and a white blouse were his. The State conceded no more than that the bowling bag was his. In any event, we think it evident that the druggist put a value only on the articles that had been taken from his store.

The determination by the trial judge that goods worth $100.00 or more had been received was one of fact and one the testimony undoubtedly allowed.

*Judgment affirmed.*