KEITH DARNELL SMITH a/k/a Leroy Brown v.
STATE OF MARYLAND

[No. 599, September Term, 1976.]

*Decided February 9, 1977.*

The cause was argued before Morton, Powers and Liss,
JJ.

*Arnold M. Zerwitz, Assistant Public Defender,* with whom
was *Alan H. Murrell, Public Defender,* on the brief, for
appellant.

*Deborah K. Handel, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, William A.
Swisher, State's Attorney for Baltimore City,* and *H. Robert*

*Scherr, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

Liss, J., delivered the opinion of the Court.

This is an appeal from a judgment rendered in a court trial by Judge Mary Arabian of the Criminal Court of Baltimore in which the appellant, Keith Darnell Smith, was convicted of larceny over $100 and sentenced to four years imprisonment.

Initially, a charging document was filed against the appellant in the District Court of Baltimore City alleging that he "Did steal and carry away three sport coats, goods and chattels, money and property of the Princess Shop, 3736 Eastern Avenue in Baltimore City on the 24th of August, 1974." The appellant prayed a jury trial, and the case was transferred to the Supreme Bench of Baltimore City; however, when the case was called for trial, the appellant elected instead to have the matter tried by Judge Arabian without a jury.

During the course of the trial, following the introduction of evidence as to the value of the merchandise allegedly stolen, the State moved to amend the charging document by adding the words "felonious" and "value of over $100." The court granted the motion over the appellant's objection and found him guilty of the amended charge.

The sole question presented in this appeal is whether the trial court erred in permitting the amendments to the charging document. We find there was no error and shall affirm the judgment of the court below.

The facts are not in dispute. A clerk of the Princess Shop clothing store observed the appellant place some of the store's merchandise in a bag and proceed toward the exit of the store. She alerted the store manager, and as he approached the appellant who at this point was near the front exit, the appellant's female companion yelled to him to run. The appellant took foot in hand, exited the store and ran down the street with the manager chasing after him. While running, the appellant discarded the shopping bag which the manager picked up from the ground and

continued his pursuit. A police officer on cruising duty saw the chase, apprehended the appellant and arrested him. The recovered shopping bag contained three jackets with the store's price tags still attached and indicating their value to be $38 each. It was at that point during the trial, when the value of the store's merchandise was adduced, that the State's Attorney moved to amend the original charge, and the trial court granted the amendments over the appellant's objection.

Maryland Rule 714 a. provides:

> "On Motion of the State's Attorney, or on its own motion, the court may permit an indictment to be amended as to matter of form at any time before verdict. The court may permit an indictment to be amended as to matters of substance only with the consent of the defendant."

The Court of Appeals made the distinction between matters of form and those of substance in *Corbin v. State*, 237 Md. 486, 489-90, 206 A. 2d 809, 811 (1965):

> "As to what constitutes substance and what is merely formal in an indictment, it may be said that all facts which must be proved to make the act complained of a crime are matters of substance, and that all else — including the order of arrangement and precise words, unless they alone will convey the proper meaning — is formal."

The appellant complains that the amendments of the charging document allowed by the trial court were of legal significance. He suggests that under the original charging document he could only have been found guilty of petit larceny which carries a maximum sentence of a $500 fine and/or imprisonment for not more than 18 months; whereas, under the amended charge he could be and was found guilty of larceny of goods over $100, which offense subjected him to a maximum penalty of not more than a $1,000 fine and/or imprisonment for not more than 15 years.

Of significance here then is whether the crime of which

the appellant was convicted was "larceny" or "grand larceny." At common law, larceny was divided into two classes: simple, i.e., not accompanied by any circumstance of aggravation; and compound, i.e., committed under circumstances of aggravation. Simple larceny was further divided by law into the classes of grand and petit determined by the value of the property, but both were still felonies with mitigated punishment provided for petit larceny. Maryland law follows this classification by value of property for punishment purposes, and has made larceny under $100 a misdemeanor. *Melia and Shelhorse v. State*, 5 Md. App. 354, 360 n.5, 247 A. 2d 554, 558 (1968); C. Moylan, *The Historical Intertwining of Maryland's Burglary and Larceny Law or the Singular Adventure of the Misunderstood Indictment Clerk*, 4 U. Balt. L. Rev. 28, 34-38 (1974).

Thus, in Maryland our courts have said:

"[L]arceny in this jurisdiction is a crime under the common law. Only the punishment authorized on conviction of it, more severe if the value of the goods stolen is $100 or upwards, and its classification as a felony in such case, are prescribed by statute. Simple common law larceny is the wrongful and fraudulent taking and removal of personal property from the possession of another against his will, with intent to deprive the person entitled thereto of his ownership therein." *Farlow v. State*, 9 Md. App. 515, 516-17, 265 A. 2d 578, 580 (1970) (citations omitted).

The original charging document set forth all the facts necessary to state the crime of larceny. The value of the property is *not* an element of the offense and was *not* required to be stated in the charging document.

In the early case of *Davis v. State*, 39 Md. 355, 373 (1874), the Court of Appeals said:

"If the circumstances which constituted the crime, or increased the punishment, were not set

out in the indictment, the accused would not be informed of the offense with which he was charged, or of the penalty to which he was liable. *These reasons do not apply to a statute, neither creating an offense nor enhancing its penalties, but dividing a common law offense into degrees and diminishing the punishment.* The essential elements of all felonies at common law, such as murder, arson and robbery, have been ascertained and defined by innumerable decisions . . . ." (emphasis supplied).

This Court had before it an analogous situation involving a charge of receiving stolen goods in *Jackson v. State,* 10 Md. App. 337, 270 A. 2d 322 (1970), *cert. denied,* 260 Md. 721 (1970). We said at page 348, 270 A. 2d at 327-28:

"The value of the goods is not an element necessary to constitute the offense; it did not have to be alleged nor proved as alleged any more than it is necessary to allege in the indictment the name of the thief or the person from whom the property is received. Of course, the State must prove the value of the goods received to establish the punishment authorized and the classification of the offense." (citations omitted).

It seems clear to us that the appellant was charged originally with common law larceny, and the question of whether this was petit or grand larceny became a matter of proof at the trial. The amendments allowed by the trial court were, in effect, surplusage; and the proof adduced at the trial could have been received without the necessity of any amendment. The appellant's contention that the addition of the word "felonious" over his objection was error is not supported by the Maryland Rules. Rule 712 b. provides:

"The word 'unlawfully' shall cover both a felony and a misdemeanor and it shall not be necessary to use the word 'feloniously' in charging an offense."

When in a charging document the facts as originally alleged constitute a crime, the addition by amendment of the word "unlawfully" has been held not to be a change of substance. *Woods v. State*, 14 Md. App. 627, 288 A. 2d 215 (1972), *cert. denied*, 266 Md. 745 (1972). It follows then that the addition of the word "felonious" is likewise a change in form only, and was properly allowed by the trial court without the appellant's consent.

Lastly, the appellant urges that had he known the value of the store's merchandise to be over $100 he might have prepared a different defense or adopted a different strategy. This complaint fails to impress us; the facts were available to him by discovery. Beyond that, if he was surprised by the amendments and unprepared to proceed with his defense, he could have requested a postponement of this portion of the trial. The granting of such a request in a nonjury trial would not have caused any serious delay in the disposition of the case. *See Gyant v. State*, 21 Md. App. 674, 321 A. 2d 815 (1974), *cert. denied*, 272 Md. 742 (1974).

*Judgment affirmed.*
*Costs to be paid by appellant.*