THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH A. GRASS, Defendant-Appellant.

Fifth District   No. 5—83—0570

Opinion filed August 8, 1984.

Randy E. Blue and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:
Defendant, Joseph A. Grass, was adjudged guilty after a jury trial in the circuit court of St. Clair County of criminal damage to property exceeding $300, a felony, in violation of section 21—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 21—1(a)). He contends that the trial court erred in failing to instruct the jury on the lesser included offense of misdemeanor criminal damage to property.
Defendant and his friend, Timothy Joellenbeck, were involved in

an altercation with Michael Huber, Jim Brede and Donald Fix. According to the State's evidence, Huber's Ford Bronco suffered $419.04 damage. Defendant was alleged to have knowingly caused this damage by breaking out a side window, throwing a hammer into the windshield, throwing a beer can at the windshield and bending the radio antenna.

Brede and Huber were sitting in Brede's car at the McDonald's restaurant parking lot. They had returned to McDonald's to get Huber's Bronco, which had been parked there earlier. Joellenbeck's Ford Maverick came into the lot and screeched to a halt within a foot of the front of Brede's car. Joellenbeck approached Brede's car and asked for the whereabouts of "Mike White." Huber testified that he had never seen Joellenbeck or Grass before and that he had no idea what Joellenbeck was talking about. Joellenbeck testified that he was looking for some people that had beat him up at the same location about 15 minutes before. Joellenbeck walked over to the passenger's side and struck Huber repeatedly in the face because "he wouldn't shut up." Grass then got out of the Maverick wielding a hammer, and Fix arrived at the scene in another vehicle. Fix testified that after being threatened by Grass he returned to his vehicle and left to call the police.

Meanwhile, according to Huber, Grass stood in front of Brede's car with the hammer and Joellenbeck remained on the passenger's side. Brede and Huber got out on the driver's side and walked away from the car. Huber entered his Bronco and pulled away. Huber testified that as he was leaving, defendant turned around and smashed the driver's side window with the hammer. Huber drove around in a semicircle and headed back toward the scene because "I didn't want to leave [Brede] there alone." He stopped the Bronco and defendant threw the hammer, smashing the windshield and denting the hood. Approximately 15 seconds later, according to Huber, defendant threw a beer can at the windshield, causing Huber to become startled, and his foot "slipped off the clutch." The Bronco lunged forward and smashed into Joellenbeck's Maverick from the rear. Huber testified that he did not intend to ram the Maverick.

Joellenbeck's testimony was materially different in several respects. He testified that after Huber turned around, "[h]e came heading straight for the corner of my car ***." Joellenbeck and Grass, he testified, were standing between the Maverick and the approaching Bronco. To avoid being hit, he jumped right and Grass jumped left while hitting the passenger's side window. Huber then backed up and headed the Bronco directly at Grass. Grass threw the beer can first,

then threw the hammer in an effort to stop the Bronco's advance. He and Grass returned to the Maverick and drove off without further incident.

The State's witness presented the only evidence of damages. An expert in the auto body business testified that the cost of repair totaled $419.04 for materials and labor, itemized as $211 to install a new windshield, $54.85 for the side window, $33.90 for the antenna, and the remainder to repair the hood dents, painting and sales tax. Cost of repairs is an accurate indication of the damage suffered and is therefore a proper method by which to determine the damage for which a defendant is criminally responsible. *People v. Carraro* (1979), 77 Ill. 2d 75, 80, 394 N.E.2d 1194, 1196.

At the instructions conference, defendant argued that some evidence established that he acted in self-defense. His tendered instruction, Illinois Pattern Jury Instruction (IPI), Criminal, No. 24-25.06 (2d ed. 1981), on self-defense, was given. He also argued that if the jury were to find that some of the force used was justified, the monetary amount of damage for which he was criminally responsible would be reduced. Therefore, he concluded he was entitled to an instruction on the lesser included offense of criminal damage to property under $300. This instruction was refused. Defendant repeats this argument here.

The jury was instructed in pertinent part as follows:

"To sustain the charge of criminal damage to property over $300.00, the State must prove the following propositions:
* * *
Third: That the damage to the vehicle exceeds $300.00.
* * * ."

The jury was given two verdict forms supplied by the State: guilty or not guilty of criminal damage to property over $300. Defendant's lesser offense instruction and two verdict forms were refused. His tendered verdict forms provided: guilty or not guilty of criminal damage to property under $300. His refused instruction reads in pertinent part as follows:

"To sustain the charge of criminal damage to property, the State must prove the following propositions:
* * *
Third: That the damage to the property was less than $300.
* * * ."

By this instruction the defendant would have the jury find him guilty of only misdemeanor criminal damage to property if he were otherwise not acting in complete self-defense and the damage for

which he was criminally responsible was less than $300. However, the instructions tendered by the prosecution and the defense do not accurately state the law.

■ In the recent case of *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, the supreme court observed that there is only one offense of theft and that the value of the property taken determines whether the offender is punished for felony theft or misdemeanor theft. The court cited with approval *People v. Harden* (1969), 42 Ill. 2d 301, 247 N.E.2d 404, which held that the jury must fix the value of the property taken where value is in dispute so that the offender may be properly sentenced for felony theft or misdemeanor theft.

The statute defining criminal damage to property parallels the theft statute and defines only one offense. One who knowingly damages property of another without his consent is guilty of criminal damage to property. If the damage exceeds $300, the offender is guilty of a Class 4 felony; if less than $300, a Class A misdemeanor.

Here the damage to the vehicle was caused by four separate acts of defendant which were clearly identified in the evidence. Defendant contended that he acted in self-defense and if not in complete self-defense, then in partial self-defense, so that the value of the damage done for which he could be held criminally responsible was less than $300. The instructions given by the court only allowed the jury to find defendant guilty of criminal damage in excess of $300 or not guilty. The jury was not allowed to fix the value of the property damaged for which defendant was criminally responsible.

We realize that the instructions given were those contained in Illinois Pattern Instructions, Criminal (2d ed. 1981). The definitional instruction, IPI Criminal No. 16.01A, states that a person commits the offense of criminal damage to property over [$300] when he knowingly damages property of another without his consent and the damage exceeds [$300]. The committee note states:

> "Because monetary damage to property is a material element in felony criminal damage to property, the trier of fact is required to determine the value element. *People v. Dell*, 52 Ill. 2d 393, 288 N.E.2d 459 (1972); *People v. Cunitz*, 45 Ill. App. 3d 165, 359 N.E.2d 1070, 4 Ill. Dec. 118 (5th Dist. 1977). Therefore, when applicable, the value element should be included in the instruction."

The issues instruction, IPI Criminal No. 16.02A, states:

> "To sustain the charge of criminal damage to property over [$300.00], the State must prove the following propositions:
>
> *First*: That the defendant knowingly damaged the [vehicle] of

[Charles Huber]; and

*Second*: That the defendant did so without the consent of [Charles Huber]; and

*Third*: That the damage to the [vehicle] exceeds [$300.00];

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

These instructions state that the amount of damage to the property is an essential element of the offense, contrary to the court's holding in *Jackson*. Furthermore, they do not allow the jury to fix the value of the property damaged. In *People v. Cunitz* (1977), 45 Ill. App. 3d 165, 359 N.E.2d 1070, we held that in a prosecution for felony theft, the jury must independently determine the value of the property taken. We noted that the supreme court in *People v. Dell* (1972), 52 Ill. 2d 393, 288 N.E.2d 459, stated that it was not sufficient that the indictment charged that the property stolen exceeded the then applicable $150 in value and that the instructions refer to this amount. Here again, as in *Cunitz*, the Illinois Pattern Instructions are not adequate to inform the jury of its critical function to decide the issue of the valuation of the property damaged. Proper instructions would not state the value of the property damaged as a material element of the offense but would only state that a person commits the offense of criminal damage to property when he knowingly damages property of another without his consent; the issues instruction would state these elements only and that the jury in its verdict must fix the value of the property damaged if the jury finds the presence of the two material elements, in any case where value is contested. While value is not a material element of the offense, it is material in the sentencing context and a defendant, as a substantial part of his constitutional right to trial by jury (*People v. Dell* (1972), 52 Ill. 2d 393, 288 N.E.2d 459), has the right to have value determined by the jury, as it determines the severity of his punishment.

■ The incidents of damage here were distinct. The State proved that the defendant caused $419.04 worth of damage to the Bronco. Defendant did not contest his involvement, nor did he present contradictory evidence of the value of the damage caused. He did present evidence contesting whether all of the damage was criminally caused. In this regard he tendered an instruction on the use of reasonable force which the court accepted and read to the jury, finding sufficient

evidence to allow the jury to consider the affirmative defense of self-defense. When some evidence tends to establish justifiable use of force on the part of defendant which could absolve him from a greater degree of criminal culpability, we think it was error not to include an instruction apprising the jury that it must fix the value of the property damaged for which defendant was criminally responsible in its verdict.

As instructed, the jury could only find defendant guilty or not guilty of felony criminal damage to property. While it is clear that the jury believed the defendant was guilty of criminal damage to property, we cannot say that it independently determined value upon which a proper sentence could be imposed. We are convinced that the trial court preempted the jury's function by prejudicially suggesting the amount of damage criminally caused.

For the foregoing reasons the judgment of conviction is reversed and the cause remanded for a new trial.

Reversed and remanded.

WELCH, P.J., and KASSERMAN, J., concur.