THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT D. SCHNEIDER, Defendant-Appellant.

Fifth District   No. 5—84—0345

Opinion filed December 17, 1985.—Rehearing denied January 17, 1985.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Dick Allen, State's Attorney, of Edwardsville (Stephen E. Norris of State's Attorneys Appellate Service Commission, and Eleesha Pastor O'Neill, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Robert D. Schneider, was adjudged guilty after a jury trial in the circuit court of Madison County, of criminal damage to property exceeding $300 (Ill. Rev. Stat. 1983, ch. 38, par. 21—1(a)), and sentenced to a one-year term of imprisonment. Both the trial and sentencing were conducted *in absentia*.

The events which culminated in defendant's conviction occurred at the apartment building of Rita Schneider, the complaining witness. Ms. Schneider and the defendant were formerly married and, at the time of the offense in question, were involved in dissolution proceedings after a separation of two months. Ms. Schneider testified that on December 4, 1983, she received approximately 50 telephone calls from the defendant, all of a threatening nature. She also observed defendant, in his father's car, drive around the parking lot next to her apartment building, both before and after a liquor bottle was thrown through her front window. She then summoned the police. Two deputies from the Madison County sheriff's department staked out the apartment building. Defendant returned and, witnessed by Ms. Schneider and one of the deputies, rammed the car he occupied into the left rear fender of a 1973 Dodge Polara in Ms. Schneider's possession. After a brief chase, the defendant was intercepted and taken into custody.

The damaged automobile was purchased in cash for $1,100 and titled solely in Rita Schneider's name. Rita received a check for $460.73 from defendant's father's insurance company for damage to the car, but she never had it repaired. Two body repair experts testified at trial. One estimated the damage at $840.62, and the other testified that the cost of repair would approximate $460. The former estimate would have included replacing, rather than repairing, the damaged quarter panel.

The first issue presented by defendant is whether the State proved that the damaged automobile was the "property of another."

Section 21—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 21—1(a)) provides that a person commits criminal damage to property who "[k]nowingly damages any property of another without his consent ***." Defendant asserts that he was not proved guilty beyond a reasonable doubt because the State failed to prove that the 1973 Polara belonged to another person, within the meaning of the statute.

Rita Schneider testified that the car was purchased during her marriage to defendant with money given to defendant by his father as an "early inheritance." Until the parties separated, defendant had a set of keys and regularly drove the car. Defendant contends that, despite the fact that the automobile was titled only in Rita Schneider's name, he had an ownership interest in the car as marital property at the time of the offense and therefore did not cause damage in excess of $300 to "another's property." The State argues in response that defendant relinquished his claim to ownership by voluntarily returning his car keys to his wife when they separated, and by subsequently terminating any use of or control over the automobile.

A violation of section 21—1 is an offense against property, categorized in Part C of the Criminal Code of 1961. Although Part C contains general definitional provisions applicable to property crimes, there is no section which defines the term "property of another." The definitional section as provided in article 2 of the Criminal Code of 1961 is similarly devoid of a helpful definition, listing "another" as "a person or persons *** other than the offender." Ill. Rev. Stat. 1983, ch. 38, par. 2—3.

■ We are convinced, nevertheless, that the legislature intended "property of another," as used in section 21—1, to encompass a broad spectrum of possessory interests in property. The arson statute, also designated in Part C, defines "property of another" as "property *** in which a person other than the offender has an interest which the offender has no authority to defeat or impair, even though the offender may also have an interest in the *** property." (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.) Although this language was not included in section 21—1, we believe that its broad scope is pertinent to the semantic issue presented here.

Assuming for the sake of argument that the instant defendant maintained a property interest in the Polara at the time of the offense, he cannot be said to have a right, by virtue of his part ownership, to harm the interest of another person in that same property. Section 21—1 must be read to impose criminal responsibility on a person who damages another's interest in property, regardless of

whether ownership of the property in question is shared. As the arson statute, the criminal damage provision was designed to protect the property of individuals from criminal harm. To relieve defendant from culpability for his acts disdains the plain legislative intent.

Although we hold that defendant can be convicted under section 21—1, we believe that he should have been afforded the right to have his ownership interest considered by a jury for the purpose of determining the extent of the damage valuation attributable to his ex-wife's property interest. Such a determination marks the difference, in the instant case, between guilt as a felon or misdemeanant, and is the focal point of the second issue for our review.

■ Defendant contends that the trial court committed reversible error in refusing to instruct the jury on the lesser included offense of criminal damage to property under $300. The instructions given were those recited in Illinois Pattern Jury Instructions (IPI), Criminal, Nos. 16.01A, 16.02A (2d ed. 1981), specifically IPI Criminal 2d Nos. 16.01A, 16.02A, which define and delineate the issues involved in criminal damage to property *over $300*. This court questioned the propriety of these instructions in *People v. Grass* (1984), 126 Ill. App. 3d 540, 467 N.E.2d 393. First, the instructions and committee notes state that the amount of property damage is an essential element of the offense of criminal damage to property, a conclusion which was unequivocally rejected by the supreme court in *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362. Second, neither the definitional instruction (No. 16.01A) nor the issues instruction (No. 16.02A) allows the jury to fix the value of the property damaged. For this reason, the instructions are not adequate to inform the jury of its critical function of deciding the amount of damage to the property, an issue which is material in the sentencing context and whose determination is of constitutional importance. *People v. Grass* (1984), 126 Ill. App. 3d 540, 544, 467 N.E.2d 393, 396.

As in *Grass,* the jury in the instant case was permitted to either find the defendant guilty of the greater offense or to enter a verdict of acquittal. Had the jury been additionally instructed on the misdemeanor charge of criminal damage to property, it would have had the opportunity to independently assess the value of the damage for which defendant was criminally responsible.

■ The State argues that, in order for the defendant to be entitled to an instruction on the lesser offense, there must have been evidence adduced at trial which placed the damage value in dispute. We disagree. In *Grass,* the defendant did not dispute his involvement in the events which damaged another's property, nor did he offer evi-

dence which contradicted the State's damage evidence. Instead, he contended that because some evidence tended to establish a justifiable use of force on his part, it was possible that the jury could have found him criminally responsible for less than $300 worth of property damage. Similarly, the instant record contains evidence which infers that defendant had an ownership interest in the damaged automobile, and a jury might be persuaded that his criminal responsibility extends only to the amount of damage proportionately reflected in Ms. Schneider's possessory ownership. The jury should have been instructed in such a manner as to allow an independent determination of the damage imposed.

The judgment of conviction is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

KASSERMAN, P.J., and JONES, J., concur.