515 A.2d 225

**Robert Scott BROOKS**

v.

**STATE of Maryland.**

**No. 1624, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Oct. 8, 1986.

Bradford C. Peabody, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Stephanid J. Lane, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, B. Randall Coates, State's Atty. and Raymond D. Coates, Jr., Asst. State's Atty., for Worcester County, on the brief), Snow Hill, for appellee.

Submitted before ALPERT, BLOOM and ROSALYN B. BELL, JJ.

BLOOM, Judge.

A Worcester County jury, presided over by Judge Dale R. Cathell, convicted Robert Scott Brooks, appellant, of malicious destruction of property under Md.Ann.Code art. 27, § 111 (1982), for which Brooks was sentenced to three years imprisonment. Appellant now asks this court to reverse his conviction on the grounds that the evidence was insufficient to sustain either the conviction or the sentence, that the court erred in denying his motion for mistrial following improper remarks by the prosecutor, and that the jury's verdict of guilty was inconsistent with its verdicts of not guilty of theft and breaking and entering. We find that appellant failed to preserve the first issue for appellate review, and we disagree with his other assertions of error. Nevertheless, because we find plain error in the jury instructions, we will, *nostra sponte*, reverse and remand for a new trial despite the fact that there was no objection to the instructions.

## Facts

William J. Kirchiro and his wife owned a two-story, four bedroom summer home in Ocean City. Their permanent residence was in Bethesda. Over the weekend of 17 May 1985 Mr. and Mrs. Kirchiro completed redecorating the summer home, a project which included repainting the walls, installing new carpeting throughout the house, moving in new furniture, and stocking the refrigerator. When they departed, they locked all the doors and windows and turned off the water supply to the building.

When the Kirchiros' daughter, Susan, arrived at the summer house on 22 May 1985, she discovered a man asleep on the living room couch. She immediately left and called for police assistance. Officers of the Ocean City Police Department responded and arrested the man on the couch. Appellant and another stranger were found sleeping in other parts of the house. They, too, were arrested. An examination of the house by Susan Kirchiro and her father revealed that someone had broken into it by bending the screen on a bathroom window and smashing the window lock.

The Kirchiros told the police that various things had been stolen, including a portable television, pillows, blankets, and a garnet ring. Most obvious, however, was the condition of the newly-refurbished home. One of the arresting officers testified that it looked as if someone had had a party but had not cleaned up. Mr. Kirchiro testified that every bed in the house had been used and had been stained in one way or another. The new carpet had a large stain on it, and the coffee table was badly scratched. Susan Kirchiro testified that the toilets had been used repeatedly but never flushed (presumably because the uninvited guests had not turned the water back on). All of the refrigerated food and beverages, which Mr. Kirchiro valued at $75.00, had been consumed, the remnants thereof being scattered throughout the house.

William and Susan Kirchior and the arresting officers testified for the State. Karen Dawson, appellant's girl friend, testified for the defense. The State presented no evidence directly linking appellant with the actual breaking and entering or with the theft of the missing items. Defense counsel stipulated that appellant was found in the house on the day he was arrested. With the exception of the value of the food and drink consumed, no evidence was offered to show the value of the property damaged or the monetary extent of the damages themselves. The jury found appellant not guilty of theft and not guilty of break-

ing and entering but guilty of malicious destruction of property. He was sentenced to three years imprisonment.

### Sufficiency of the Evidence—Sentence

Appellant's first contention is that the evidence did not support a sentence of three years for malicious destruction of property because there was no evidence as to the value of the property destroyed. Since it relates to the propriety of the penalty imposed rather than the basis for conviction, we treat this contention as an attack on the validity of the sentence rather than a challenge to the sufficiency of the evidence.

Appellant argues that since there was no evidence that the property damaged had a value of more than $300.00, the "enhanced penalty" sentence of three years, as provided by Md.Ann.Code art. 27, § 111(c) (1985 Cum.Supp.), was inappropriate. This argument is meaningful only in the context of the statute under which appellant was convicted and sentenced, and thus a brief exploration of that statute is necessary.

Appellant was arrested on 22 May 1985. The statute relating to malicious destruction that was in effect at that time was Md.Ann.Code art. 27, § 111 (1982), which read as follows:

§ 111. *Destroying, injuring, etc., property of another.*

Any person who shall wilfully and maliciously destroy, injure, deface or molest any real or personal property of another shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be subject to imprisonment for a period of not more than three years or to a fine not more than $2,500, or to both imprisonment and fine.

On 1 July 1985, between appellant's arrest and his trial, amendments to § 111 became effective, and that statute thereafter read as follows:

§ 111. *Destroying, injuring, etc., property of another.*

(a) *Violation constitutes misdemeanor.*—Any person who shall wilfully and maliciously destroy, injure, deface

or molest any real or personal property of another shall be deemed guilty of a misdemeanor.

(b) *Penalty where value of property is less than $300.* —If the property defaced, destroyed, injured, or molested has a value of less than $300, the person who violates this section, on conviction, is subject to a fine not exceeding $500 or imprisonment not exceeding 60 days or both.

(c) *Penalty where value of property is greater than $300.*—If the property defaced, destroyed, injured, or molested has a value of $300 or more, the person who violates this section, on conviction, is subject to a fine not exceeding $2,500 or imprisonment not exceeding 3 years or both.

The amendments thus established different penalties depending on the value of the property damaged, whereas the previous statute provided only one penalty. When appellant argues that he was not subject to the "greater" penalty provided for in subsection (c), he necessarily assumes that the amended version of § 111 was applicable to his trial and sentencing. This basic assumption is erroneous.

■ What might otherwise be a provocative question of statutory construction and retroactive application has been considered and resolved by the Legislature, which settled the matter by enacting Md.Ann.Code art. 1, § 3 (1982). That statute reads as follows:

§ 3. *Effect of repeal or revision of statute on penalty or liability previously incurred.*

The repeal, or the repeal and reenactment, or the revision, amendment or consolidation of any statute, or of any section or part of a section of any statute, civil or criminal, shall not have the effect to release, extinguish, alter, modify or change, in whole or in part, any penalty, forfeiture or liability, either civil or criminal, which shall have been incurred under such statute section or part thereof, unless the repealing, repealing and reenacting, revising, amending or consolidating act shall expressly so provide; and such statute, section or part thereof, so

repealed, repealed and reenacted, revised, amended or consolidated, shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings or prosecutions, civil or criminal, for the enforcement of such penalty, forfeiture or liability, as well as for the purpose of sustaining any judgment, decree or order which can or may be rendered, entered or made in such actions, suits, proceedings or prosecutions imposing, inflicting or declaring such penalty, forfeiture or liability.

Neither the present version of art. 27, § 111 nor the act which repealed and reenacted § 111 in 1985 "expressly ... provide[s]" that the penalty applicable under the earlier version of the statute is released, extinguished, altered, modified, or changed. The Code itself is silent on the matter. Chapter 479 of the Laws of 1985, which enacted the new statute, merely says that "this Act shall take effect July 1, 1985." Under these circumstances, section 3 of Article 1 clearly dictates that the previous version of § 111 applied to appellant's trial and sentencing.

Since appellant was properly tried and sentenced under § 111 as it existed as of the date of the offense, it was not necessary for the State to prove the value of the property damaged.

### Sufficiency of the Evidence—Conviction

Appellant initially contended that there was insufficient evidence that appellant had "either a specific intent to cause the destruction, injury, defacement, or molestation [sic] of the property of another or a wanton and wilful disregard of the plain and strong likelihood of such harm, without any justification, excuse, or substantial mitigation." The Court of Appeals, however, recently held in *Shell v. State*, 307 Md. 46, 512 A.2d 358 (1986), that malicious destruction of property is a "specific intent" crime, which is contrary to the conclusion we had reached in *Duncan v. State*, 5 Md.App. 440, 445, 248 A.2d 176 (1968), that "either a specific intent to cause the destruction, injury, defacement or

molestation of the property of another, or an act done in wanton and wilful disregard of the plain and strong likelihood of such harm, without any justification, excuse, or substantial mitigation" would satisfy the *mens rea* requirements of the offense. Appellant now narrows his argument to a contention that there was no evidence to suggest a finding of specific intent to destroy, injure, deface or molest the property of the Kirchiros.

We do not reach this issue however it is phrased. Md. Rule 4–324 specifically provides that a defendant may move for judgment of acquittal (not a directed verdict as appellant termed it) at the close of the evidence offered by the State and, in a jury trial, at the close of all the evidence. But the Rule also requires the defendant to "state with particularity all reasons why the motion should be granted," and we have held that a motion which merely asserts that the evidence is insufficient to support a conviction, without specifying the deficiency, does not comply with the Rule and thus does not preserve the issue of sufficiency for appellate review. *Dillsworth v. State,* 66 Md.App. 263, 267, 503 A.2d 734 (1986). *See Lyles v. State,* 63 Md.App. 376, 492 A.2d 959 (1985), *cert. granted,* 304 Md. 362, 499 A.2d 191 (1985).

At the conclusion of the State's case, appellant moved for a "directed verdict on each count, particularly to the count of breaking." Defense counsel then stated:

There is actually no evidence. The officer said he didn't have any evidence he actually broke into the place. Even their own testimony is that someone came in. The theft has nothing to do with thievery which is insufficient to lead beyond a reasonable doubt that he took anything. All it is, they didn't find anything on him and none of his clothes there. I would respectfully submit that the State has not made out a case sufficient to go to the jury at this stage.

At the conclusion of all the evidence, appellant renewed his motion for "directed verdict," adopted his prior argument, and added:

And I submit, Your Honor, as I argued at the bench before, that there is insufficient evidence that this defendant maliciously did any destruction, that he entered the premises, or that he took anything.

■ A motion for judgment of acquittal "on the grounds [that] there is insufficient evidence to establish the intent to commit such a crime" was held to lack sufficient particularity to preserve the issue for appellate review in *Dillsworth v. State, supra.* In the case at bar, the motion is similarly inadequate.

### Motion for Mistrial

During closing argument the Assistant State's Attorney said, "This case dies today." Defense counsel duly objected to the remark and moved for a mistrial. Although the closing argument itself is not part of the record, defense counsel's argument on his motion indicates that the context of the prosecutor's remark suggested that, as the other participants in the crime were unlikely to be tried, this was the Kirchiros' last chance to obtain justice. (One culprit was a fugitive, another could not be found, and a third had pleaded guilty.) The judge was not persuaded by defense counsel's argument and denied the motion. Even so, he gave the following curative instruction:

> This matter of people in the apartment does not necessarily die today one way or the other because one of the persons that was found in the apartment is actually a fugitive facing charges arising out of this same incident.

■ The matter of mistrials was discussed by the Court of Appeals in *Wilhelm v. State,* wherein the Court said:

> A request for a mistrial in a criminal case is addressed to the sound discretion of the trial court and the exercise of its discretion, in a case involving a question of prejudice which might infringe upon the right of the defendant to a fair trial, is reviewable on appeal to determine whether or not there has been an abuse of that discretion by the trial court in denying the mistrial. . . . The deci-

sion by the trial court in the exercise of its discretion denying a mistrial will not be reversed on appeal unless it is clear that there has been prejudice to the defendant. 272 Md. 404, 429, 326 A.2d 707 (1974) (citation omitted). *See also, Poole v. State*, 295 Md. 167, 183, 453 A.2d 1218 (1983). Appellant has not demonstrated that he was so prejudiced by the prosecutor's comment that he did not receive a fair trial. Moreover, the court corrected any improper suggestions contained in the comment. While a defendant is entitled to a fair trial, he is not entitled to a perfect one; and when curative instructions are given, it is presumed that the jury can and will follow them. *Bruton v. United States*, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968); *Wilson v. State*, 261 Md. 551, 570, 276 A.2d 214 (1971). We find no error in the court's denial of the motion for mistrial.

### Inconsistent Verdicts

Appellant's last argument is that the verdicts of not guilty of breaking and entering and not guilty of theft are inconsistent with the verdict of guilty of malicious destruction. This argument is preposterous. In the first place, inconsistent verdicts of not guilty are permissible. *Ford v. State*, 274 Md. 546, 552, 337 A.2d 81 (1975). Furthermore, we do not find these verdicts to be inconsistent in any case. On the evidence, the jury could logically have found that appellant arrived at the house after others had broken and entered it (he might have been admitted through the front door or even invited to join the party in progress there), that he did not steal anything, but that he participated in damaging the premises once he got inside.

### Instructions

The court instructed the jury, without objection from appellant, that

[m]alicious destruction is committed by any person who willfully and maliciously destroys, injures, defaces, or molests any real or personal property of another. In

order for the defendant to be guilty of this offense, the act must have been done willfully and maliciously; (2) the act must have been done to the real or personal property of another; (3) the property must have been injured, defaced, destroyed, or molested; and (4) the defendant must have done the act. The requirements of maliciously and willfully means either the defendant specifically intended to cause destruction or injury to another's property or the act was done without any justification, excuse or mitigation in wanton and willful disregard of the plain and strong likelihood of such harm.

The latter part of those instructions, dealing with the element of *mens rea* for this offense, was based upon and entirely in accord with our decision in *Duncan v. State, supra.* The Court of Appeals has since informed us, however, that *Duncan* is wrong; that the offense of malicious destruction of property requires the specific intent to destroy, damage, deface or molest the property, and mere reckless or wanton disregard will not support a conviction. The instruction given, therefore, which the trial judge and both counsel had every reason to believe was a correct exposition of the law, turned out to be erroneous. There was no objection, but we may, on our own initiative or on the suggestion of a party, "take cognizance of any plain error in the instructions, material to the rights of the defendant, despite a failure to object." Md.Rule 4-325(e). And where there is plain error material to the rights of the accused in something the judge said, the effect of which could not be overcome by additional instructions, rather than an error of omission, we should exercise our discretion to take cognizance of and correct that error. *Brown v. State*, 14 Md.App. 415, 287 A.2d 62 (1972). Here the error, although perfectly understandable, is plain and obvious in view of *Shell v. State, supra;* it is not an error of omission but an error in what the court said and its effect would not and could not have been corrected if an objection had been made; and the error was clearly material to the rights of the accused. Accordingly, we exercise our discretion under

Rule 4–325(e), reverse the conviction, and remand the case for a new trial.

JUDGMENT REVERSED AND CASE REMANDED FOR NEW TRIAL. COSTS TO BE PAID BY WORCESTER COUNTY.