556 A.2d 667

**Kip D. SPRATT**

v.

**STATE of Maryland.**

No. 7, Sept. Term, 1988.

Court of Appeals of Maryland.

April 14, 1989.

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued Before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

While the crime of malicious destruction of property has been traditionally recognized at common law as one criminal offense,[1] Maryland has codified the offense so that for many purposes it is treated as two separate crimes based upon the value of the property destroyed.[2] This gradation became effective as of July 1, 1985. Under the new statutory scheme, it is the responsibility of the State to specify and prove the value of the property destroyed to establish the proper classification of the offense. It is essential for the trier of fact to determine value where it is alleged that the property's worth is greater than $300.

Petitioner, Kip D. Spratt (Spratt), was charged and convicted of malicious destruction of property pursuant to Maryland Code (1957, 1987 Repl.Vol.), Art. 27, § 111,[3] and damaging or tampering with an automobile, a 1977 Plym-

---

**1.** *See* 4 Blackstone, *Commentaries on the Laws of England* 243 (1769) (also referred to as "malicious mischief," which Blackstone characterized as a "trespass"); Torcia, *Wharton's Criminal Law* § 485, at 87 (1981).

**2.** Maryland Code (1957, 1987 Repl.Vol.), Article 27, § 111 provides in its entirety:

DESTROYING, INJURING, ETC., PROPERTY MALICIOUSLY

(a) *Violation constitutes misdemeanor.*—Any person who shall wilfully and maliciously destroy, injure, deface or molest any real or personal property of another shall be deemed guilty of a misdemeanor.

(b) *Penalty where value of property is less than $300.*—If the property defaced, destroyed, injured, or molested has a value of less than $300, the person who violates this section, on conviction, is subject to a fine not exceeding $500 or imprisonment not exceeding 60 days or both.

(c) *Penalty where value of property is greater than $300.*—If the property defaced, destroyed, injured, or molested has a value of $300 or more, the person who violates this section, on conviction, is subject to a fine not exceeding $2,500 or imprisonment not exceeding 3 years or both.

Chapter 479 of the Laws of 1985 enacted sections (b) and (c) as finalized in House Bill 1675, effective July 1, 1985.

**3.** All references to the Maryland Code are to Article 27 unless otherwise indicated.

outh Arrow.[4] During the trial held in the Circuit Court for Cecil County, the jury was not instructed to consider the value of the property involved. On April 6, 1987, the court imposed a sentence of three years imprisonment for malicious destruction of property, ordered the defendant to pay $250.00 to the Public Defender's Office, and to pay $925.00 to the victim as restitution. For sentencing purposes, the defendant's conviction for damaging or tampering with an automobile was merged. The Court of Special Appeals affirmed in an unreported opinion. We granted certiorari to consider whether a jury finding on value is necessary for imposition of a sentence for malicious destruction of property of a value of $300 or greater.

At Spratt's trial, Theresa Ruckman (Ruckman), the owner of the 1977 Plymouth, testified concerning the value of the car. Ruckman stated that prior to its being damaged the vehicle was worth "at least a thousand dollars." Because she was unable to have the car repaired, it was sold for $75.00. According to the victim, the car was in good condition prior to the incident.[5] Afterwards, the owner stated that two side view mirrors had been removed, the back window had been smashed, and in several places the body had been kicked in or dented.

The trial judge did not instruct the jury to make a finding as to the value of the damaged vehicle. Neither counsel objected nor sought such an instruction. Therefore, the jury convicted Spratt of the general offense of malicious destruction of property. At sentencing, the court noted:

---

4. The original Statement of Charges, dated September 25, 1986, alleged Spratt "did willfully and maliciously destroy, injure, deface, or molest a 1977 Plym. bearing Md. reg. NBP 885, the property of Theresa Y. Ruckman, having a value more than $300." The count alleging unlawful damaging or tampering with a vehicle was included in the State's "Motion to Amend Juvenile Petition" and was brought pursuant to Maryland Code (1957, 1987 Repl.Vol.), Transportation Article, § 14–104. On September 25, 1986, an "Order Waiving Juvenile Jurisdiction" was filed in the Circuit Court for Cecil County.

5. Ruckman attested that there were no dents or broken windows before the incident.

I'm satisfied that the car has a value of over $300.00. The testimony in the case by the young lady was that it was worth a thousand dollars; that it was in good working order, good condition. She couldn't repair it and she sold it only for $75.00. So, I'm satisfied that the car was worth over $300.00, in order to satisfy the statute.

The trial judge rejected Spratt's argument that the record was insufficient to support a conviction of the greater offense, and that the court was required to presume the value of the vehicle was less than $300.00.

Petitioner's primary argument is that a jury finding on value is necessary for imposition of a sentence for malicious destruction of property of a value of $300 or greater. The imposition of a sentence in excess of sixty days in the present case allegedly constituted an illegal sentence because the jury made no finding as to value. The State's position may be summarized as follows: "The Court of Special Appeals correctly determined that the amount of the value of the property destroyed by Spratt is merely a sentencing consideration and not an element of the offense." Because of the General Assembly's intention to treat the crime of malicious destruction of property as one offense, but with separate classifications in Art. 27, § 111(b) and (c), and due to the fact no jury finding was made as to value in the present case, we shall vacate Spratt's sentence. *See* ch. 479, Laws of 1985.

Effective July 1, 1985, the legislature altered the offense of malicious destruction of property as follows: If the property defaced, destroyed, injured or molested has a value of less than $300, a fine not exceeding $500 or imprisonment not exceeding sixty days or both may be imposed. If the property has a value of $300 or more, a fine not exceeding $2,500 or imprisonment not exceeding three years or both may be imposed.[6] *See* Art. 27, § 111.

---

6. Prior to the amendment, Art. 27, § 111 provided in its entirety: Any person who shall wilfully and maliciously destroy, injure, deface, or molest any real or personal property of another shall be

The cardinal rule of statutory construction is to ascertain the actual intent of the General Assembly. *Comptroller v. American Satellite Corp.*, 312 Md. 537, 544, 540 A.2d 1146, 1150 (1988); *Dean v. Pinder*, 312 Md. 154, 161, 538 A.2d 1184, 1188 (1988); *Blum v. Blum*, 295 Md. 135, 140, 453 A.2d 824, 827 (1983). While the primary source from which to determine the intention is the language of the statute itself, commonly referred to as "the plain meaning rule" of statutory interpretation, we note the plain-meaning rule "is not a complete, all-sufficient rule for ascertaining a legislative intention...." *Darnall v. Connor*, 161 Md. 210, 215, 155 A. 894, 896 (1931); *Kaczorowski v. City of Baltimore*, 309 Md. 505, 511–14, 525 A.2d 628, 632 (1987). The "meaning of the plainest language" is controlled by the context in which it appears. *Guardian Life Ins. Co. v. Ins. Comm'r*, 293 Md. 629, 642, 446 A.2d 1140, 1147 (1982); *Kaczorowski*, 309 Md. at 514, 525 A.2d at 632.

In *Kaczorowski*, we thoroughly analyzed the process of discovering the purpose, aim, or policy of a statutory provision. There, Judge Adkins writing for the Court, elaborated:

> When we pursue the context of statutory language, we are not limited to the words of the statute as they are printed in the Annotated Code. We may and often must consider other 'external manifestations' or 'persuasive evidence' including a bill's title *and function paragraphs,* amendments that occurred as it passed through the legislature, *its relationship to earlier and subsequent legislation,* and other material that fairly bears on the fundamental issue of legislative purpose or goal,

---

deemed guilty of a misdemeanor and, upon conviction thereof, shall be subject to imprisonment for a period of not more than three years or to a fine not more than $2,500, or to both imprisonment and fine.

Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 111.

which becomes the context within which we read the particular language before us in a given case.

*Id.*, 309 Md. at 514–15, 525 A.2d at 632–33 (emphasis added).

As an example of external considerations, we have previously considered legislative history to assist in construing legislation that we did not identify as ambiguous or of uncertain meaning. *Ogrinz v. James*, 309 Md. 381, 390, 524 A.2d 77, 82 (1987) (where a committee report was discussed). Here, we find it appropriate to briefly examine the relevant legislative history of Chapter 479 of the Laws of 1985. In its Committee Report, the Senate Judicial Proceedings Committee noted, "The purpose of House Bill 1675 is to reduce the number of misdemeanor jury trials in this area of the law." *Summary of Comm. Rep. on H.B. 1675*, at 2 (1985). The stated "legislative intent" was phrased as follows:

> The intent of House Bill 1675 is to alter the existing penalty for the malicious destruction of property by establishing a penalty for destroyed property with a value under $300 and to provide that the new penalty carries a maximum fine of $500 or a maximum imprisonment of 60 days or both.

*Id.*, at 1.

In order to carry out this stated purpose, we hold that it is necessary for the trier of fact to make a finding as to value when the State is seeking a conviction under Art. 27, § 111(c). It was essential for the jury to be instructed as to value in the present case. Prior to the enactment of the 1985 amendments, neither § 111 nor any of its statutory predecessors referred to the amount of the value of the property destroyed.[7] The present statutory scheme permits the State to proceed under the lesser offense, subsection (b), and avoid the possibility of a misdemeanor jury trial on

---

7. *E.g.*, Maryland Code (1957), Article 27, § 111.

the merits.[8]   However, if the State wishes to pursue the more serious offense under subsection (c), it must specifically charge and prove the value of the destroyed property, greater than $300.  The defendant is entitled to a finding by the trier of fact that the State's charge of the greater offense was proven beyond a reasonable doubt.  We note that the Maryland Criminal Pattern Jury Instructions provide for instructing the jury on value.[9]   Although the evidence in the present case may have warranted a factual finding that the value of the property so destroyed or injured was more than $300.00, the jury was not instructed on this point.  It was reversible error for the trial judge to sentence Spratt on the greater offense under these circumstances.

Maryland case law generally supports the notion that where a criminal statute separates the offense by a value determination, it is necessary for the State to prove value in terms of the sufficiency of the evidence.  *Stanley v. State,* 313 Md. 50, 91, 542 A.2d 1267, 1287 (1988) (In a case involving the charge of malicious destruction of property, Judge Adkins, writing for the court, reasoned "Trice argues and the State concedes that there was no proof that the property destroyed exceeded $300 in value, so the two three-year sentences are improper."); *Felkner v. State,* 218 Md. 300, 307, 146 A.2d 424, 429 (1958) ("Where the statute measures the degree of the burglary by the value of the goods which were intended to be stolen, the evidence must

---

8.  Maryland Code (1957, 1984 Repl.Vol., 1988 Cum.Supp.), Courts and Judicial Proceedings Article, § 4–302(e), regarding the jurisdiction of the District Court provides in pertinent part:
    (e) *Jury trial.*—(1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.
    (2)(i) Except as provided in subparagraph (ii) of this paragraph, unless the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case.

9.  *See* MPJI–CR 4:20 (1987) (subsection (3) requires the jury to find the value to be "at least $300" where there is evidence that the value of the property was $300 or more).

permit the trier of facts reasonably to infer that it was intended to take goods of that value or more if there is to be a conviction.") (citations omitted); *Shipley v. State*, 220 Md. 463, 466, 154 A.2d 708, 709 (1959) ("It is necessary for the State, in order to establish felonious intent in this case, to show that the defendant had an intent to steal goods worth $100 or more.") (citations omitted); *see also Howard v. State*, 240 Md. 699, 700–01, 213 A.2d 288, 289 (1965) ("The evidence in this case was clearly sufficient to permit the trier of fact to infer that appellant intended to steal the requisite $100 or more."); *McNeil v. State*, 227 Md. 298, 300, 176 A.2d 338, 339–40 (1961); *Lane v. State*, 60 Md.App. 412, 425–26, 483 A.2d 369, 376–77 (1984), *cert. denied*, 302 Md. 570, 489 A.2d 1129 (1985) (where Court of Special Appeals approved of instructing jury as to value).

As stated by Judge Orth in *Jackson v. State*, 10 Md.App. 337, 348, 270 A.2d 322, 327–28 (1970), *cert. denied*, 260 Md. 721 (1971), "The State must prove the value of the goods received to establish the punishment authorized and the classification of the offense" to support a conviction of receiving stolen goods. *See also Smith v. State*, 35 Md. App. 49, 53, 368 A.2d 1127, 1129 (1977) ("It seems clear to us that the appellant was charged originally with common law larceny, and the question of whether this was petit or grand larceny became a matter of proof at the trial."); *Rhodes v. State*, 219 Md. 279, 282, 149 A.2d 16, 17 (1959) (In a court trial where the defendant was charged with receiving stolen goods of a value of more than $100, the determination of value by the trial judge "was one of fact and one the testimony undoubtedly allowed."); *Gazaille v. State*, 2 Md.App. 462, 464–65, 235 A.2d 306, 307 (1967).

In a recent interpretation, the Court of Special Appeals reviewed the 1985 amendments to the malicious destruction of property statute. *Brooks v. State*, 68 Md.App. 604, 515 A.2d 225 (1986), *cert. denied*, 308 Md. 382, 519 A.2d 1283 (1987). *Brooks* involved the physical damage to an Ocean City summer house by an intruder. With the exception of the value of the food and drink consumed, no evidence was

offered to show the value of the property damaged. Appellant maintained that the evidence was insufficient to support a sentence of three years for malicious destruction of property. The court held that Brooks was properly sentenced under the statute as it existed as of the date of the offense, pursuant to Article 27, § 111 (1982), that the amendments to the statute did not apply retroactively, and "it was not necessary for the State to prove the value of the property damaged." 68 Md.App. at 610, 515 A.2d at 228. Consistent with this analysis, it is reasonable to conclude that the present statutory scheme requires proof as to value.

Our review of other jurisdictions provides support for the principle that questions of value should generally be decided by the trier of fact. In *People v. Grass,* 126 Ill.App.3d 540, 81 Ill.Dec. 693, 467 N.E.2d 393 (5th Dist.1984), the defendant was found guilty after a jury trial was held of criminal damage to property exceeding $300. Illinois' statute defining criminal damage to property contains a $300 threshold similar to the one found in the Maryland statute.[10] The Illinois court held that where the evidence raised the issue of whether the defendant's use of force was reasonable, "it was error not to include an instruction apprising the jury that it must affix the value of the property damaged for which defendant was criminally responsible in its verdict." *Id.,* 81 Ill.Dec. at 696–97, 467 N.E.2d at 396–97; *see also People v. Harden,* 42 Ill.2d 301, 247 N.E.2d 404, 407 (1969). The court reasoned: "While it is clear that the jury believed the defendant was guilty of criminal damage to property, we cannot say that it independently determined value upon which a proper sentence could be imposed." *Id.,*

---

**10.** Section 21–1(a) of the Criminal Code of 1961 states:
*Criminal Damage to Property.* Any of the following acts, except any act described in paragraph (g), is a Class A misdemeanor and any act enumerated in paragraph (a) or (f) *when the damage to property exceeds $300 is a Class 4 felony:*
(a) Knowingly damages any property of another without his consent; ...
Ill.Rev.Stat. ch. 38, para. 21–1(a) (1987).

81 Ill.Dec. at 697, 467 N.E.2d at 397. This interpretation is consistent with the Illinois Pattern Jury Instructions.[11]

In *State v. Smith*, 215 Kan. 865, 528 P.2d 1195, 1198 (1974), the Kansas Supreme Court vacated a sentence imposed for felony criminal damage to property valued at $50 or more because the jury was not instructed nor required to make a finding as to value. Similar to the Maryland statute, the Kansas provision set forth separate offenses based on the value of the property damaged.[12] *See also Commonwealth v. Pyburn*, 26 Mass.App.Ct. 967, 527 N.E.2d 1174, 1175 (1988) ("[I]f there is an allegation in a complaint or indictment that the value of the property so destroyed or injured exceeded one hundred dollars, as was claimed here, then the jury must be instructed that if they find the defendant guilty of wanton destruction or injury of property they must then determine if the value of the property so destroyed or injured exceeded one hundred dollars."); *State v. Powell*, 452 A.2d 977, 978 (Me.1982) (In prosecution for aggravated criminal mischief, requiring element that the damage to property exceeded $1,000, "the exact value of property, either generally or on a given date, is not subject to judicial notice even though the value of the property is determined by trading in public markets."); citing 1 *Wharton's Criminal Evidence* § 85 (13th ed. 1972); *State v. Tanner*, 25 N.C.App. 251, 212 S.E.2d 695, 698 (1975) (Where there is no evidence or jury finding as to the amount of damage done to the car, the defendant should have been sentenced for the lesser offense.); *Hernandez v.*

---

**11.** *See* Illinois Pattern Instructions, Criminal, IPI No. 16.01A and 16.02A (2d ed. 1981).

**12.** The Kansas "Criminal Damage to Property" statute included the following definition:
> (2) Criminal damage to property is a Class E felony if the property is damaged to the extent of fifty dollars ($50) or more. Criminal damage to property is a Class A misdemeanor if the property damaged by such acts is of the value of less than fifty dollars ($50) or is of the value of fifty dollars ($50) or more and is damaged to the extent of less than fifty dollars ($50).

*See* K.S.A. sec. 21–3720 (1973 Supp.).

*State,* 468 S.W.2d 387, 391 (Tex.Crim.App.1971) (The jury must find beyond a reasonable doubt that the injuries amount to $50 or more.).

Here, the court should have instructed the jury to consider the value of the damaged vehicle, and to set forth in its verdict the value as less than or greater than the $300 statutory amount. Because no jury finding was made regarding the value of the automobile destroyed, Spratt's conviction and three year sentence under the greater offense of malicious destruction of property, Art. 27, § 111(c), was improper. However, the jury verdict of the general offense of malicious destruction of property does warrant a sentence under Art. 27, § 111(b). *See Stanley v. State,* 313 Md. 50, 92–93, 542 A.2d 1267, 1287–88 (1988); *see also Brooks v. State,* 314 Md. 585, 601, 552 A.2d 872, 880 (1989); *cf. United States v. Dickinson,* 706 F.2d 88, 92–93 (2d Cir.1983) (when there is insufficient evidence to convict of a greater offense, appellate court may reverse conviction and enter judgment on lesser-included offense).

For the reasons stated above, we shall reverse the Judgment of the Court of Special Appeals with directions to remand the case to the Circuit Court for Cecil County. In view of the unique posture of this case, we shall grant the State the option of proceeding with a new trial against Spratt, pursuant to Art. 27, § 111(c), or in accordance with Petitioner's contention, sentencing under Art. 27, § 111(b), the lesser violation.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED;

CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT AND TO VACATE THE SENTENCE OF THE CIRCUIT COURT FOR CECIL COUNTY AND TO REMAND THE CASE TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION;

COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY CECIL COUNTY.