567 A.2d 132

**STATE of Maryland**

v.

**Warren I. SIMPSON.**

**No. 132, Sept. Term, 1988.**

Court of Appeals of Maryland.

Dec. 26, 1989.

Kreg Paul Greer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioner.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, BLACKWELL and CHARLES E. ORTH, Jr. (retired), Specially Assigned), JJ.

McAULIFFE, Judge.

Warren I. Simpson was convicted in the Circuit Court for Baltimore City of two counts of possession of a controlled dangerous substance. One count involved possession of heroin, and the other involved possession of cocaine. The evidence was sufficient to prove beyond a reasonable doubt that Simpson possessed one of the two substances. It was not sufficient to prove which one. The State contends that the gravamen of the offense it charged is possession of a controlled dangerous substance—any controlled dangerous substance—and that it has proved that offense. It con-

cedes that under the circumstances, both convictions cannot stand. The State suggests that we randomly select one of the two counts to affirm, and treat the other as merged.

Simpson concedes, for purposes of argument, that the State could have secured a single conviction by charging him differently. He argues, however, that because the State elected to bring two separate charges, and because the evidence is insufficient to prove either, he must be acquitted. Simpson is correct.

■ The facts are these. Undercover police officers were observing activities in an area known for drug dealing. They observed Simpson make a "buy" from James Carr. Simpson gave Carr money and Carr gave Simpson "an item" that Carr obtained from a brown paper bag. As Simpson began to leave, the police converged on the scene. One of the officers arrested Carr and recovered the brown paper bag and its remaining contents. Others chased Simpson. When Simpson was caught, he no longer had the "item," and he was not in possession of any controlled dangerous substance. The brown paper bag contained eighteen glassine bags of heroin and ten capsules of cocaine.

Simpson was charged in an eight count information. Counts two and four, which were the only counts submitted to the jury, each charged a violation of Maryland Code (1957, 1987 Repl.Vol.) Art. 27, § 287. In pertinent part, the second count charged that Simpson "unlawfully did possess a certain controlled dangerous substance of Schedule # 1, to wit: heroin. . . ." The fourth count charged that Simpson "unlawfully did possess a certain controlled dangerous substance of Schedule # 2, to wit: cocaine. . . ."

The jury convicted Simpson on both counts, and the trial judge imposed concurrent sentences of two years imprisonment. Simpson appealed, and the Court of Special Appeals reversed both convictions, finding the evidence insufficient to prove either charge as laid. *Simpson v. State,* 77

Md.App. 184, 549 A.2d 1145 (1988). We granted the State's petition for certiorari.

Article 27, § 287(a) provides that it is unlawful for any person:

> To possess or administer to another any controlled dangerous substance, unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice.

This section is part of the Maryland Controlled Dangerous Substances Act, which we discussed in *Cunningham v. State*, 318 Md. 182, 567 A.2d 126 (1989), filed today. We held in *Cunningham* that the intent of the General Assembly was to permit separate convictions for each controlled dangerous substance unlawfully possessed, even in the case of simultaneous possession of more than one substance. The question in this case, therefore, is not whether separate convictions were possible, but whether the evidence was sufficient to support either or both.

If each charge is viewed separately, and if proof of the possession of the particular substance alleged in the charging document is treated as an essential element of the offense, it is clear that the State's evidence is insufficient. As the Court of Special Appeals pointed out, a reasonable person might have found by inference that Simpson possessed either heroin or cocaine, but could not have found which of them he possessed, or that he possessed both.

The State concedes that the evidence proves only that Simpson took one of the two controlled dangerous substances that were in the brown bag. The State contends, however, that because the gravamen of the offense charged is the unlawful possession of a controlled dangerous substance, proof of the particular controlled dangerous substance possessed is not an element of the offense.

The State's argument is strained. On the one hand, it argues that "proof of each particular drug becomes impor-

tant, as each type of drug possessed determines the unit of prosecution and punishment," and yet, it contends that is so only when the State "wishes to obtain separate convictions for possession arising from a single criminal transaction." Petitioner's brief at 16.

We agree that the offense defined by § 287(a) is the unlawful possession of a controlled dangerous substance. We conclude, however, that the identification of the particular controlled dangerous substance involved in a given offense is so inextricably tied to the critical matters of the appropriate unit of prosecution and the permissible or mandated punishment that it must be treated as an element of the offense.

In some respects, the problem in this case is similar to the problems we considered in *Hagans v. State,* 316 Md. 429, 559 A.2d 792 (1989) and *Spratt v. State,* 315 Md. 680, 556 A.2d 667 (1989). In *Hagans,* the State argued that because theft is a single offense in Maryland, and because the value of the property taken affects only the grade of the offense and the sentence permitted, value should not be considered an element of the offense but should be left to the sentencing judge for determination. We rejected that contention, and concluded that where value is an issue it must be proved in the same manner as any other essential element. Similarly, in *Spratt,* we held that because the legislature had prescribed different penalties for the misdemeanor of malicious destruction of property depending upon the value of the property involved, the issue of value was for the trier of fact.

As we pointed out in *Cunningham v. State, supra,* the penalty structure of the Maryland Controlled Dangerous Substances Act is tied to the particular substance involved. The penalty for possession with intent to distribute a narcotic drug listed in Schedules # 1 or # 2 differs from the penalty for possession with intent to distribute phencyclidine, and the penalty for possession with intent to distribute any other controlled dangerous substance differs from both of these. Article 27, § 286(b). Similarly, the penalty for

possession of marihuana differs significantly from the penalty for the possession of any other controlled dangerous substance. Article 27, § 287(e). Enhanced penalties are available for possession with intent to distribute certain specified quantities of controlled dangerous substances, but only as to those particular substances.

If, as the State seems to suggest, it would be sufficient to charge a defendant with possession with intent to distribute a controlled dangerous substance, without specifying the substance allegedly involved, neither the parties nor the court would know whether the defendant was facing a maximum sentence of twenty years or five years. No one could know whether the defendant was entitled to ten peremptory challenges, or four. Maryland Rule 4–313(a). In the absence of a special verdict, the court could not determine the permissible penalty.

██ Where, as here, the State has alleged the possession of a particular controlled dangerous substance, proof of that substance is needed to convict. Here, the State sought two separate convictions, and if it had proven possession of both substances, the defendant would have faced the prospect of separate sentences. It was not able to prove either charge, and the convictions cannot stand.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.