722 A.2d 435

Steve **JOHNSON**

v.

**STATE of Maryland.**

No. 542, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Jan. 7, 1999.

436

Michael R. Braudes, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Mary Ann Ince, Asst. Atty. General and David J. Taube, Staff Atty. (J. Joseph Curran, Jr., Atty. General, Baltimore, and Scott G. Patterson, State's Atty. for Talbot County, Easton, on the brief) for appellee.

Submitted before MURPHY, C.J., and HOLLANDER and KENNEY, JJ.

KENNEY, Judge.

On January 29, 1998, appellant, Steve Eugene Johnson, was tried by a jury in the Circuit Court for Talbot County and convicted of possession of cocaine with intent to distribute, possession of a firearm in connection with a drug trafficking offense, possession of controlled paraphernalia, and resisting arrest. Appellant raises four questions on appeal:

I. Did the trial court err in permitting the State to amend the charging document by substituting "cocaine" for "marijuana?"

II. Did the trial court consider an impermissible criterion in sentencing?

III. Did the trial court impose an illegal sentence?

IV. Was the evidence legally insufficient to sustain a conviction for possession of controlled paraphernalia?

## FACTS AND PROCEEDINGS

On June 20, 1997, appellant was arrested and charged with possession with intent to distribute cocaine, possession of cocaine, possession with intent to use drug paraphernalia, possession of a firearm during a drug trafficking crime, possession of an assault pistol, possession of a concealed deadly weapon, resisting arrest, and disorderly conduct. On July 21, 1997, appellant appeared in the District Court and waived his right to a hearing on the stated charges. Appellant was incarcerated pending trial; bail was set at $45,000.

Appellant's case was transferred to the circuit court and, on August 20, 1997, the State filed a five-count criminal information charging appellant with possession with intent to distribute marijuana, possession of marijuana, possession with intent to use drug paraphernalia, possession of a firearm in connection with a drug trafficking crime, and resisting arrest. The State subsequently realized that, in preparing the information, "marijuana" had been substituted erroneously for "cocaine" in the first two charges. Thereafter, the State filed a motion to amend the charging document so that it would reflect that the substance involved in the first two counts was cocaine and not marijuana. Appellant objected to the State's motion, and, on January 7, 1998, a hearing was held. At the close of the hearing, the trial court granted the State's motion and the case proceeded to trial.

At trial, Officer Mark Waltrup testified that, on June 20, 1997, he and two other officers were patrolling in Talbot County, Maryland when they observed appellant and another

man, both riding bicycles, approach a sport utility vehicle stopped at the corner of Thorogood Lane and South Street. Waltrup stated that appellant's companion observed the officers' presence and immediately left the scene. Waltrup testified that he was approximately three feet from appellant when he heard appellant ask the occupants of the vehicle, "What you want? What you need? What you want yo, what you need?" The occupants of the car observed the officers' presence and drove away without responding to appellant's queries. Officer Waltrup testified that, as the vehicle departed, he noticed that appellant was holding a bag containing a white rock-like substance, which, based on his experience and training, he believed was crack cocaine.

Waltrup stated that he placed his hand on appellant's shoulder, told him that he was a police officer with the Easton Police Department, and informed him that he was under arrest. According to Waltrup, appellant immediately withdrew from his grasp but fell to the ground in the process. Waltrup attempted to apprehend appellant, who began "kicking and flailing." Waltrup testified that, as he and his partners attempted to restrain him, appellant swallowed the bag containing the suspected crack cocaine. The officers finally subdued appellant by spraying him with pepper spray.

During a pat down search conducted subsequent to his apprehension, appellant informed the officers that there was a gun in his backpack that he was carrying at the time he was arrested. The officers searched the backpack and seized a loaded "Tech–9" assault pistol. Appellant was then taken to police headquarters where a search of his person yielded a second bag containing a suspicious substance. A lab analysis revealed that the bag contained four grams of cocaine.

Appellant testified in his own defense. Although he admitted to being in possession of the gun, he denied that he possessed any drugs or resisted arrest. He explained that he struggled with the police because they approached him from behind and did not identify themselves.

## DISCUSSION

### I.

### Amendment of the Charging Document

Maryland Rule 4–204 states:

On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to be amended except that if the amendment changes the character of the offense charged, the consent of the parties is required. If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance.

■ " 'Amendments' contemplated by this Rule are changes, alterations, or modifications to an existing charge in an existing charging document." *Tracy v. State,* 319 Md. 452, 456–57, 573 A.2d 38 (1990). "Matters relating to the character of the offense are those facts that must be proved to make the act complained of a crime. *Corbin v. State,* 237 Md. 486, 489–90, 206 A.2d 809 (1965); *see also Manuel v. State,* 85 Md.App. 1, 18, 581 A.2d 1287 (1990), *cert. denied,* 322 Md. 131, 586 A.2d 13, *cert. denied,* 322 Md. 131, 586 A.2d 14 (1991). An indictment may be corrected without the defendant's consent if the amendment does not alter any of the elements of the offense and results in no prejudice." *Tapscott v. State,* 106 Md.App. 109, 134, 664 A.2d 42 (1995), *aff'd,* 343 Md. 650, 684 A.2d 439 (1996).

■ The specific question of whether the character of a charged drug offense is changed when the charging document is amended by substituting one controlled dangerous substance for another has not been considered in Maryland. There are, however, cases that guide our search for the appropriate application of the rule in this context. In *Gyant v. State,* 21 Md.App. 674, 321 A.2d 815 (1974), Gyant was charged with robbery with a deadly weapon and related offenses. The charging document, however, misidentified the victim of the crime. When the case came to trial, the State, over Gyant's objection, sought to amend the charging docu-

ment so that it would accurately reflect the name of the alleged victim. The trial court permitted the amendment, and Gyant was convicted.

Gyant challenged the amendment on an appeal to this Court, which affirmed, stating that "[t]he real question ... is whether the amendment changed the character of the offense charged. We think it clear that it did not. The count in question charged robbery with a deadly weapon both before and after the amendment. The amendment simply changed the victim of the robbery." *Gyant*, 21 Md.App. at 685, 321 A.2d 815.

In *Thanos v. State*, 282 Md. 709, 387 A.2d 286 (1978), the District Court of Maryland convicted Thanos of shoplifting on a charging document alleging that she attempted to alter the price tag on an item of merchandise at a local department store. After Thanos appealed to the circuit court, the State sought to amend the charging document to substitute the word "remove" for the word "alter." The circuit court granted the amendment over Thanos's objection, and proceeded to find her guilty of the crime charged.

On appeal, the State argued that the amendment did not change the character of the offense because, under the applicable statute, the defendant was charged with shoplifting both before and after the amendment. The Court of Appeals disagreed, holding that the change in the charge from "altering" a price tag to "removing" a price tag was a matter of substance because the amendment required proof of an entirely different act from the offense as originally charged. The court reasoned:

> This is a situation in which the statute creates one offense generically shoplifting but specifies a number of different 'acts, transactions, or means' by which it may be committed. The 'offense' charged here was attempted shoplifting; the various means by which the offense may be committed, we think, constitutes its 'character.'

*Thanos*, 282 Md. at 714, 387 A.2d 286; *see also Busch v. State*, 289 Md. 669, 426 A.2d 954 (1981)(holding that an amendment

to the charging document that substituted the offense of resisting arrest for the offense of resisting, obstructing, or hindering an officer in the performance of his duties required proof of an act not originally charged (an arrest) and thereby changed the character of the offense.).

In this case, Count I charged appellant both before and after the amendment, under Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 286(a)(1), which makes it unlawful "to possess *a controlled dangerous substance* in sufficient quantity to reasonably indicate under all circumstances an intent to ... distribute ... *a controlled dangerous substance.*" (Emphasis added.) In count II, appellant was charged, both before and after the amendment, under Art. 27. § 287(a), which makes it unlawful to "possess ... *any controlled dangerous substance;* unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice." (Emphasis added.) Under both statutes, the State must ultimately prove that the substance possessed is a controlled dangerous substance. We conclude, however, that the specific identity of that substance is not an essential element of either offense.

Unlike the circumstances in *Thanos*, the means of violating the crimes charged under § 287(a) and § 286(a)(1) are limited. The gravamen of the offenses is possession, which is defined as "the exercise of actual or constructive dominion or control over a thing by one or more persons." Art. 27, § 277(s). The act of controlling a thing does not vary with the composition of the thing being controlled. Moreover, under § 286, the additional element of intent to distribute is the same regardless of what substance is allegedly involved. That the penalties associated with possessing and distributing cocaine are more severe than those associated with possessing and distributing marijuana goes only to the degree of punishment for the offense and does not constitute a material element of the charge. Thus, we hold that substituting cocaine for marijuana did not change the character of the offense charged. Accordingly, the trial court properly allowed the State to amend the charging document.

Nor did the amendment in this case prejudice appellant. The statement of charges used to indict appellant in the District Court identified the substance involved in the crimes charged as cocaine, not marijuana. Thus, appellant was put on notice of the identity of the substance at that time. In addition, after the trial court granted the State's motion to amend the charging document, appellant made no attempt to continue the case despite the court's offer to do so, suggesting that appellant was not particularly surprised by the amendment or did not need additional time to prepare for trial.

## II.

### Consideration of the Unadjudicated Juvenile Charge

■ In his brief, appellant quotes the following statements made by the court immediately prior to sentencing:

You are an American tragedy because you had no help growing up. You had no responsible parent to show you any guidance, give you any advice to try to put you in the right direction. The parent was totally absent. Totally worthless as far as helping raise you. And so the only chance you had was that some agency of the State might be able to help raise you. And you had a chance when you were 10 years old in Queen Anne's County when you were charged with the offense of shoplifting. And right there the State had a chance to take this little 10 year old boy, who had no father, had no mother, had no supervision by his grandparents because they were elderly and couldn't keep up with him. The State had the chance to take that child and to put him in some sort of a home where he could get some supervision and some guidance and some treatment and some training and they totally blew it. They did him a big favor. They closed the case at intake. And he felt good because he had gotten away with something. And that was probably the last chance he ever had. He probably never had another chance at living a decent normal life in this country. He was doomed from that moment forward to

spend most of his life in prison. Which is where you will spend most of your life Mr. Johnson.

Appellant argues that these comments indicate that, for the purposes of sentencing appellant in this case, the court assumed and improperly considered his guilt for the earlier juvenile charge that was closed without an adjudication of guilt. We do not agree. Read in the context of the court's pre-sentence remarks, the reference to the earlier juvenile proceedings was more a lament for a lost opportunity to provide assistance to an at-risk and unsupervised child.

## III.

### Sentencing

On the transporting a weapon in relation to a drug trafficking offense, the court, pursuant to Art. 27, § 281A(b) and (c), imposed a ten year consecutive sentence without parole. Appellant argues that, under the reasoning applied in *Malcolm v. State,* 314 Md. 221, 550 A.2d 670 (1988), the limitation on parole eligibility could not exceed five years. We do not agree.

In *Malcolm,* the defendant was sentenced to twenty years without parole based on § 286(b)(2)(now subsection (c)(2)), which stated that anyone violating its provisions

> is guilty of a felony and is subject to imprisonment for not more than 20 years, or a fine of not more than $20,000, or both. Any person who has previously been convicted under this paragraph shall be sentenced to imprisonment for not less than 10 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with Article 31B, § 11.

The Court of Appeals held that § 286(b)(2) was "ambiguous with respect to whether the limitation of eligibility for parole applies only to the mandatory ten year sentence, or may be applied as well to any longer sentence that is imposed." *Malcolm,* 314 Md. at 234, 550 A.2d 670. Recognizing that such ambiguities must be resolved in favor of the defendant,

the court held that the limitation of eligibility for parole applied only to the first ten years of any sentence under the statute.

We hold that no such ambiguity exists under § 281A. A conviction for possessing a firearm in connection with a drug trafficking case carries a five to twenty year prison sentence for a first time offender. Art. 27, § 281A(b)(1)(i). The first five years are mandatory and are to be served without parole. Art. 27, § 281A(b)(1)(ii). Pursuant to § 281A(c), "[t]he minimum mandatory sentence provided in subsection (b)(1) and (2) of this section shall be doubled if the firearm is '[a]ny firearm listed in Art. 27, § 36H–1 … of this article.'" Appellant was convicted of transporting an Intratec Tec–9/DC9 assault pistol, which is among the firearms listed in § 36H–1. Unlike the statutory provision considered in *Malcolm,* the language used in § 281A(c) indicates an intent to double both the sentence and the parole limitation when the weapon used in conjunction with the drug trafficking offense is particularly dangerous. Accordingly, we hold that imposing a ten year, non-parolable sentence for this offense was not illegal.

■ On the possession of cocaine with intent to distribute conviction, appellant, as a second offender, was subject to a mandatory minimum sentence of ten years without parole. Art. 27, § 286(b)(2). The sentence imposed was twenty years with five years suspended without eligibility for parole. We agree with both parties that, under *Malcolm,* only the first ten years of Johnson's sentence was subject to the limitation of the eligibility of parole. Thus, we shall vacate that component of Johnson's sentence and remand for re-sentencing.

■ Finally, appellant argues that the total sentence of 25 years without parole was disproportionate to the offenses committed and thereby violated his constitutional right to be free from cruel and unusual punishment. We do not agree. The sentences imposed in this case were within the statutory limits and were not grossly disproportionate considering appellant's prior criminal record and the fact that the only practical use of the weapon he possessed was to threaten or

harm others. Accordingly, although appellant is entitled to have the parole restriction on his sentence reduced by five years, the sentence is otherwise affirmed.

## IV.

### Possession of Paraphernalia

■ Appellant's final argument is that, under *Dickerson v. State,* 324 Md. 163, 596 A.2d 648 (1991), the evidence is insufficient to sustain his conviction for possession of paraphernalia. In *Dickerson,* the Court of Appeals reversed a drug paraphernalia conviction in a case in which convictions for both possession with intent to distribute and use of drug paraphernalia were predicated on a single vial of cocaine. The Court held that "where there is no other drug paraphernalia, a defendant may only be convicted of possession of cocaine with the intent to distribute, even though the cocaine possessed is in a vial, which is thereby being used as drug paraphernalia." *Id.* at 174, 596 A.2d 648.

Appellant contends that his convictions for possession with intent to distribute and possession of drug paraphernalia were both predicated on a single plastic bag that contained the cocaine. Thus, he argues his conviction on the drug paraphernalia charge must be reversed. The State argues that appellant failed to raise this argument below and, thus, this question is not preserved for our review. The State argues further that, even if the question is preserved for review, there was an additional, unrecovered bag of cocaine that provided separate support for appellant's drug paraphernalia conviction.

■ First, we hold that this question was preserved for review. After the close of the State's case, appellant's counsel made a motion for judgment on the drug paraphernalia charge, stating that "[t]here is no evidence or no introduction of any paraphernalia in this case." Appellant raises the same argument on appeal. Second, we agree with appellant that the evidence was insufficient to support a separate conviction for possession of drug paraphernalia. The court instructed the jury that "[d]rug paraphernalia means any equipment or

materials used or intended for use in the packaging, storing, or concealing of a controlled dangerous substance." With regard to what evidence formed the basis for the possession of drug paraphernalia charge, the State argued to the jury:

> As to the crimes, you heard the definitional instruction as to what the crimes constitute. Let me take the one that's called paraphernalia first. That's very short. Paraphernalia means those things that are used to package narcotics. In this case, this plastic bag ... that has the cocaine in it is paraphernalia. We would submit this is paraphernalia. This little plastic bag. The big one remember is the police evidence bag. This isn't what the officer said he took from him. The small bag inside that you see, which you will be able to take back with you, is the paraphernalia.

The record indicates that the charges for possession with intent to distribute cocaine and possession for paraphernalia were both predicated on a single plastic bag containing cocaine. Under *Dickerson*, appellant's conviction for drug paraphernalia cannot stand.

**JUDGMENT AFFIRMED IN PART; REVERSED IN PART. CASE REMANDED TO THE CIRCUIT COURT FOR TALBOT COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE SPLIT EQUALLY BETWEEN THE PARTIES.**