749 A.2d 769

Steve **JOHNSON**

v.

**STATE of Maryland.**

**No. 5, Sept. Term, 1999.**

Court of Appeals of Maryland.

April 12, 2000.

Michael R. Braudes, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and ROBERT L. KARWACKI (Retired, Specially Assigned), JJ.

ELDRIDGE, Judge.

We granted a petition for a writ of certiorari in this case to decide if the Circuit Court for Talbot County erred in allowing the State to amend a criminal information, charging violations of the controlled dangerous substances laws, by substituting "cocaine" for "marijuana" when the defendant did not consent to the amendment.

## I.

The petitioner, Steve Eugene Johnson, was arrested on June 20, 1997, by Officer Mark Waltrup of the Easton Police Department. According to Officer Waltrup, he observed Johnson approach a motor vehicle, while clasping something in his right hand which Waltrup believed to be crack cocaine, and state, "What you want? What you need?" When Waltrup and two fellow officers approached Johnson from behind, he allegedly swallowed the object in his right hand and "kicked and flailed," at which point the officers subdued him with pepper spray in order to accomplish the arrest. A search following the arrest resulted in the seizure of a loaded "Tech–9" semiautomatic pistol in Johnson's backpack and a bag containing four grams of crack cocaine in his pocket.

In the statement of charges filed by the police, Johnson was accused of possession of crack cocaine in sufficient quantity to indicate an intent to distribute, possession of crack cocaine, possession of a firearm in violation of Maryland Code (1957, 1996 Repl.Vol.), Art. 27, § 281A, possession of controlled paraphernalia, and resisting arrest. Johnson waived his right

to a preliminary hearing in District Court. In August 1997 a criminal information was filed against Johnson in the Circuit Court for Talbot County by the State's Attorney. The information, however, differed from the charges filed by the police. Count one of the information charged that Johnson "did unlawfully possess a Schedule I non-narcotic controlled dangerous substance, to wit: marijuana, in sufficient quantity to reasonably indicate ... an intent to distribute...." In count two of the information, he was charged with the unlawful possession of marijuana. The remaining charges in the information were the same as the charges filed earlier by the police.

In December 1997 the State filed a motion to amend the information so that counts one and two would allege that the controlled dangerous substance involved was cocaine and not marijuana. Johnson refused to consent to the proposed amendment, and a hearing on the motion was held in January 1998. At the hearing, Johnson argued that the proposed amendment would violate Maryland Rule 4–204 because it changed the character of the offense charged and therefore required his consent. The State argued that the amendment did not change the character of the offense. The Circuit Court agreed with the State and granted the motion to amend.

At his jury trial in January 1998, Johnson testified in his own defense. He admitted that he was in possession of the gun but denied that he possessed any drugs. With regard to the resisting arrest charge, he stated that he struggled because the police officers approached him from behind without identifying themselves. The jury found Johnson guilty on all counts.

On count one, the court sentenced Johnson to incarceration for 20 years, with 5 years suspended, and with the 15 years to be served without the possibility of parole. No sentence was imposed on the count two conviction because of merger. On count three, possession of paraphernalia, Johnson was fined $100. For the weapon offense, count four, a consecutive 10 year sentence was imposed. Finally, on count five, resisting

arrest, Johnson received a concurrent sentence of one year imprisonment.

On appeal, the Court of Special Appeals upheld the Circuit Court's decision to grant the motion to amend, but reduced the non-parolable portion of the sentence on count one from 15 years to 10 years. The intermediate appellate court reversed the conviction for possession of controlled paraphernalia based on insufficiency of the evidence. The Court of Special Appeals affirmed the judgments on counts four and five. *Johnson v. State*, 124 Md.App. 434, 722 A.2d 435 (1999). Johnson filed a petition for a writ of certiorari which this Court granted. *Johnson v. State*, 353 Md. 268, 725 A.2d 1067 (1999). The State did not file a cross-petition.

## II.

The only question presented in the certiorari petition is whether the trial court erred in permitting the State to amend counts one and two of the criminal information by substituting "cocaine" for "marijuana" when the defendant did not consent to the amendment.

The amendment of a charging document is governed by Maryland Rule 4–204, which provides (emphasis supplied):

"On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to be amended *except that if the amendment changes the character of the offense charged,* the consent of the parties is required. If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance."

The pertinent language, whether "the amendment changes the character of the offense charged," has been in effect since 1979, when Rule 713, the immediate precursor to Rule 4–204, was amended. Prior to 1979, the text of the Rule alternated between the present "character of the offense" language and language allowing an amendment "as to matter of form, but not as to matter of substance." [1] Consequently, depending

---

1. The history of Rule 4–204 reveals that it is derived from Maryland Code (1957), Art. 52, § 22, which allowed the amendment of criminal

upon the language of the Rule in effect at the time, this Court has conducted either a "character of the offense" analysis or a "matter of substance" analysis to determine if unconsented amendments to charging documents have been permissible.

Regardless of the exact rule language in effect, however, this Court's analysis has been essentially the same, the fundamental criterion being whether the amendment constitutes merely a "matter of form." *See Busch v. State,* 289 Md. 669, 672, 426 A.2d 954, 956 (1981); *Brown v. State,* 285 Md. 105, 109, 400 A.2d 1133, 1135–1136 (1979); *Thanos v. State,* 282 Md. 709, 716, 387 A.2d 286, 290 (1978); *Corbin v. State,* 237 Md. 486, 489–490, 206 A.2d 809, 811 (1965).

For example, in *Thanos v. State, supra,* 282 Md. 709, 387 A.2d 286, this Court interpreted both Maryland Rule 713(a), which called for the "matter of substance" test, and Maryland District Rule 713(a), which called for the "character of the offense" test. In that case, the amendment was held to be improper under either test because it was not "simply a matter of form." *Thanos,* 282 Md. at 716, 387 A.2d at 290. The defendant in *Thanos* was charged with the shoplifting offense set forth in Code (1957, 1976 Repl.Vol., 1977 Cum. Supp.), Art. 27, § 551(a). That offense could be committed by a number of different acts, as the statute made it unlawful to "alter, remove, or otherwise disfigure any label or price tag" with the intent to deprive the owner of its use or value. *Thanos,* 282 Md. at 711, 387 A.2d at 287. The trial court

---

informations, warrants, etc., "provided, however, that such amendment [did] not change the character of the offense or crime with which the accused [was] charged." In 1961, Art. 52, § 22 was replaced by Rule 714, which applied the "form vs. substance" language to indictments and informations, but applied the "character of the offense" language to warrants. Rule 714 was amended in 1973, permitting the amendment of a charging document as long as it did not "change the character of the offense charged." The rule was amended again in 1974, back to the "form vs. substance" language of 1961. In 1977, Rule 714 was renumbered as Rule 713. Rule 713 was amended in 1979 to include the "character of the offense" language for all charging documents other than indictments; amendments to indictments were permitted as long as they did not "change the substance of the indictment." Finally, in 1984, Rule 4-204 was enacted in its present form.

allowed the State to amend the charging document, without the defendant's consent, by substituting the word "remove" for the word "alter" in the description of what the defendant allegedly did to a price tag. In summarizing the law under either test, Judge J. Dudley Digges stated for the Court (282 Md. at 716, 387 A.2d at 290):

"We thus think it clear that there is a change in the character of the offense charged where the amendment 'change[s] the basic description of the offense,' *Gray v. State,* [216 Md. 410, 416, 140 A.2d 643, 646 (1958)]; it is equally clear that the basic description of the offense is indeed changed when an entirely different act is alleged to constitute the crime. We also observe that, whether one applies the 'matters of substance' test or the 'character of the offense' test, there are constitutional limitations which constrict the determination of whether an amendment to a charging document may be construed as constituting simply a matter of form. * * * We think it elementary that where a specific criminal act has been charged, another may not be substituted for it on the theory that it is simply a matter of 'form.' "

The holding in *Thanos* was reiterated in *Brown v. State, supra,* 285 Md. 105, 400 A.2d 1133, in which this Court held that the amendment of a charging document changing the identity of the property allegedly obtained by the defendant, by false pretenses, was impermissible. In *Brown,* the trial court allowed the State to substitute "one Ford Automobile" for "$5462.80" (the alleged cash value of the automobile) as the property obtained by the defendant in passing a bad check. As the amendment went to "the essential facts that must be proved to make the act complained of a crime," the Court held that it did constitute a substantive change. 285 Md. at 109, 400 A.2d at 1135–1136, citing *Corbin v. State, supra,* 237 Md. at 489–490, 206 A.2d at 811. *See also Busch v. State, supra,* 289 Md. 669, 426 A.2d 954.

In the instant case, Johnson was charged under Code (1957, 1996 Repl.Vol.), Art. 27, §§ 286(a)(1) and 287(a). Art. 27, § 286(a)(1), makes it unlawful to

"manufacture, distribute, or dispense, or to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance."

Art. 27, § 287(a), forbids

"[the possession of] ... any controlled dangerous substance, unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice."

The language in the criminal information filed against Johnson was taken directly from these statutes. Nonetheless, as in *Thanos* and *Brown*, the description of the specific act alleged was significantly changed by the amendment. The information initially accused the defendant of possessing marijuana, whereas the amended information charged an entirely different act, possessing crack cocaine. It follows that, under *Thanos* and *Brown*, the amendment did change "the character of the offense charged."

The State argues that, because the defendant was charged with violating the same sections of the Code both before and after the amendment, the amendment did not change the character of the offense. In *Gray v. State*, 216 Md. 410, 416, 140 A.2d 643, 646 (1958), this Court did say that "[w]here a violation of the *same section* of the Code is charged both before and after the amendment, it is not error to permit the amendment." Nevertheless, this language was later qualified in *Thanos*. *Thanos* clearly held that, when a charging document alleges a violation of a Code section which prohibits several different acts, the charging document may not "be amended to charge an act not alleged in the original document. . . ." *Thanos*, 282 Md. at 715, 387 A.2d at 289. This is precisely what the Circuit Court permitted in the case at bar.

As stated earlier, Johnson was charged under §§ 286(a)(1) and 287(a), which are part of the statutory provisions regulating controlled dangerous substances. In *Cunningham v. State*, 318 Md. 182, 188, 567 A.2d 126, 129 (1989), this Court

held that the language of §§ 286 and 287, read in conjunction with the definitions in § 277, was indicative of the legislature's intent "to regulate each controlled dangerous substance, and to authorize a separate conviction for the possession of each substance." We also pointed out that the penalties prescribed in the controlled dangerous substances law were dependent upon the specific controlled dangerous substance involved. *Cunningham,* 318 Md. at 187–188, 567 A.2d at 128–129.

Relevant to this case, the maximum penalty for possession of *cocaine,* defined as a Schedule II "narcotic drug," in sufficient quantity to indicate an intent to distribute, is twenty years imprisonment and/or a $25,000 fine. *See* Art. 27, §§ 279(b), 277(q), and 286(b)(1). The maximum penalty for the possession of *marijuana,* defined as a Schedule I "non-narcotic drug," in sufficient quantity to indicate an intent to distribute, is five years imprisonment and/or a $15,000 fine. *See* Art. 27, §§ 279(a), 277(o), and § 286(b)(3). In addition, the enhanced penalties for "second offenders" under § 286(c) do not apply when the previous conviction involved marijuana, but do apply when the previous conviction involved, *inter alia,* a "narcotic drug" such as cocaine. The penalty section under § 287, for simple possession of a controlled dangerous substance, provides for a maximum penalty of four years imprisonment and/or a $25,000 fine, but if the controlled dangerous substance involved is marijuana, the maximum penalty is reduced to one year imprisonment and/or a $1,000 fine. *See* § 287(e).

This Court in *State v. Simpson,* 318 Md. 194, 198, 567 A.2d 132, 133 (1989), held that

"the identification of the particular controlled dangerous substance involved in a given offense is so inextricably tied to the critical matters of the appropriate unit of prosecution and the permissible or mandated punishment that it must be treated as an element of the offense."

Although the *Simpson* case involved a prosecution under § 287(a), its holding applies equally to charges under § 286(a). In every prosecution under both §§ 286 and 287, the State

must prove the particular controlled dangerous substance in order to convict. *See Simpson*, 318 Md. at 199, 567 A.2d at 134. An amendment, changing the identity of the controlled dangerous substance, changes an element of the offense charged, and charges the defendant with a different offense. Such an amendment, without the defendant's consent, is not permitted. *See Busch v. State, supra*, 289 Md. at 673, 426 A.2d at 956 ("After an offense has been charged, another offense that requires proof of a different or additional act may not be substituted for the offense originally charged").

The State contends that Johnson was not prejudiced by the erroneous amendment of the criminal information because he had been arrested on a statement of charges alleging possession of cocaine. Consequently, the State urges that, because Johnson knew the charges against him from the time of his arrest, any error in amending the criminal information was harmless.

■■■ The charging document in this circuit court prosecution was the criminal information and not the statement of charges filed by the police. The information was the charging document used by the defendant and his counsel to prepare his defense. The purpose of Maryland Rule 4–204, governing the amendment of charging documents, is to prevent any unfair surprise to the defendant and his counsel. Contrary to the State's argument, the line between an amendment which is deemed prejudicial, and one which is not deemed prejudicial, is drawn by the language of the Rule itself. If the State's proposed amendment changes the character of the offense, and the defendant does not consent, then the amendment is deemed prejudicial to the defendant. If the amendment does not change the character of the offense, the Rule deems it nonprejudicial. This Court has consistently reversed convictions whenever an unconsented amendment to a charging document has changed the character of the offense, without any further exploration into prejudice. *See, e.g., Busch v. State, supra*, 289 Md. at 679, 426 A.2d at 959; *Brown v. State, supra*, 285 Md. at 113, 400 A.2d at 1138 ("we therefore hold that the amendment here constituted a substantive change

that, being accomplished without the appellant's consent, violated Rule 713 and requires vacation of the conviction"); *Thanos v. State, supra,* 282 Md. at 717, 387 A.2d at 290 ("Since . . . the amendment of the charging document . . . was impermissible, her conviction must be reversed").

It follows that Johnson's convictions under counts one and two must be reversed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED IN PART AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE CONVICTIONS ON COUNTS ONE AND TWO. JUDGMENT OF THE COURT OF SPECIAL APPEALS ON COUNTS THREE THROUGH FIVE AFFIRMED. COSTS IN THIS COURT TO BE PAID BY TALBOT COUNTY. COSTS IN THE COURT OF SPECIAL APPEALS TO BE PAID THREE–FIFTHS BY TALBOT COUNTY AND TWO–FIFTHS BY STEVE JOHNSON.*