*Derrick Arthur Counts v. State of Maryland*, No. 65, September Term 2014

**CRIMINAL LAW — ELEMENTS OF THEFT — PRETRIAL NOTICE TO DEFENDANT — MARYLAND RULE 4-204 —** Petitioner's right to notice was violated when, on the morning of his trial, his indicted charge of misdemeanor theft was amended to felony theft over $1,000, over his objection. The value of goods stolen is an element of theft under the consolidated theft statute. A change to an element of the offense is a substantial change to the character of the offense and violates Maryland Rule 4-204.

IN THE COURT OF APPEALS
OF MARYLAND

No. 65

September Term, 2014

DERRICK ARTHUR COUNTS

v.

STATE OF MARYLAND

Barbera, C.J.,
*Harrell
Battaglia
Greene
Adkins
McDonald
Watts

　　　JJ.

Opinion by Barbera, C.J.

Filed: July 27, 2015

*Harrell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Maryland's consolidated theft statute creates the single statutory crime of theft, demarcating the seriousness of the offense based on the value of the goods stolen. It is a misdemeanor to steal "property or services with a value of less than $1,000." It is the lowest grade of three increasingly serious forms of felony theft to steal "property or services with a value of [] at least $1,000 but less than $10,000 . . . ." Md. Code Ann., Crim. Law (2012 Repl. Vol.) § 7-104. We decide in this case whether an amendment that raises the value of the stolen property from "less than $1,000" to "at least $1,000 but less than $10,000," changes the character of the offense and, if it does, whether the trial court erred in permitting the amendment of the charging document, over the defendant's objection. We hold that the answer to both parts of that question is "yes," requiring that we reverse the judgment of the Court of Special Appeals.

I.

Derrick Counts, Petitioner, was arrested in connection with the burglary of an apartment in Columbia, Maryland, during which a number of items, including a 46-inch television, a laptop computer, a gaming system, video games, and a vacuum cleaner, were stolen. An eyewitness provided to the police the license plate of the car used in the burglary. The police investigated the license plate and found that the car had been rented by the wife of Petitioner. While executing a warrant to search the home of Petitioner's wife, the police found Petitioner's identification card and the stolen vacuum cleaner. Petitioner was later arrested.

The State charged Petitioner in a five-count indictment with burglary and related crimes. Relevant here, Count Four charged that Petitioner "did steal property of [the victims] having a value of less than $1,000 . . . ."[1]

On the morning of trial in the Circuit Court for Howard County, as the parties were waiting for the jury panel to be brought into the courtroom, the prosecutor informed the court that the prosecutor had a "minor housekeeping measure." Due to a "typographical error[,]" the prosecutor asked the court to amend Count Four from theft of "less than a thousand[]" to "theft of at least a thousand but less than [$]10,000." Defense counsel objected, noting that the amendment changed the offense from a misdemeanor to a felony, and changed the possible incarceration from 18 months to ten years of imprisonment. The State responded that "[t]he elements are the same. It's just a penalty [that changed], so I don't think it's a substantive change. The Defense is not prejudiced by the matter of proof that we will be presenting. It's just if there is a conviction, it changes the range of penalties." The court allowed the amendment to the indictment, and the case proceeded to trial.

At trial, Petitioner's accomplice testified that Petitioner had asked for his assistance in carrying the items to the car. He then drove with Petitioner into Washington, D.C., where they sold the items to another person. The accomplice testified that Petitioner gave him half of the proceeds from the sale—about $600. The jury found Petitioner not guilty

---

[1] The remaining counts charged first degree burglary, third degree burglary, fourth degree burglary, and theft of property valued at less than $100.

2

of first degree burglary, but guilty of fourth degree burglary, theft of goods having a value of at least $1,000, and theft of goods valued under $100.

On appeal to the Court of Special Appeals, Petitioner raised the single contention that the trial court had erred in permitting the amendment of Count Four. The intermediate appellate court, in an unreported opinion, affirmed the judgment of conviction. We issued a writ of certiorari to review the judgment of the Court of Special Appeals.

II.

The ultimate issue in this case is whether the trial court erred in permitting the State, over Petitioner's objection, to amend Count Four of the charging document by substituting theft of property "with a value of at least $1000 but less than $10,000" for "theft of property with a value of less than $1000." Amendment of a charging document is governed by Maryland Rule 4-204, which states:

> On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to be amended *except that if the amendment changes the character of the offense charged*, the consent of the parties is required. If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance.

(Emphasis added.) The purpose of this Rule is "to prevent any unfair surprise to the defendant and his counsel." *Johnson v. State*, 358 Md. 384, 392 (2000).

Rule 4-204 gives effect to Article 21 of the Maryland Declaration of Rights. Article 21 provides, in pertinent part: "That in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the Indictment, or charge, in

3

due time (if required) to prepare for his defence[.]" In *Ayre v. State*, 291 Md. 155 (1981), we detailed the particular purposes served by Article 21, which are:

> (i) to put the accused on notice of what he is called upon to defend by characterizing and describing the crime and conduct; (ii) to protect the accused from a future prosecution for the same offense; (iii) to enable the defendant to prepare for his trial; (iv) to provide a basis for the court to consider the legal sufficiency of the charging document; and (v) to inform the court of the specific crime charged so that, if required, sentence may be pronounced in accordance with the right of the case. . . . [I]n order to place an accused on adequate notice, two different types of information ought to be provided by the charging document.

*Id*. at 163. As to the last of these purposes, we added:

> First, it is essential that [the charging document] characterize the crime, and second, it should furnish the defendant such a description of the particular act alleged to have been committed as to inform him of the specific conduct with which he is charged. . . . As to the former of these dual requisites, where a statutory offense is alleged, it has generally been held in Maryland that, at least where the terms of the statute include the elements of the criminal conduct, the crime may be sufficiently characterized in the words of the statute.

*Id*. at 163-164. *See also State v. Morton*, 295 Md. 487, 490-91 (1983) (quoting *State v. Lassotovitch*, 162 Md. 147, 156 (1932)).

We must determine whether the amendment of Count Four of the indictment, raising the amount of the value of the stolen goods from less than $1,000 to at least $1,000, changed the character of the offense charged. If it did, then the amendment was impermissible, absent Petitioner's consent. In order to make that determination, we turn first to Maryland's theft statute.

The crime of theft is codified currently at Md. Code Ann., Crim. Law (2012 Repl. Vol.) §§ 7-101 et seq. It is known as Maryland's "consolidated theft statute" because, with

its enactment, the General Assembly "consolidated a number of theft-related offenses (not involving force or coercion) into a single . . . statutory offense known as theft." *Jones v. State*, 303 Md. 323, 326-37 (1985). The statutory offense of theft supplants, for example, the common law offenses of larceny, larceny by trick, larceny after trust, embezzlement, false pretenses, shoplifting, and receiving stolen property, *id.* at 333, and, as presently codified, generally divides the offense between two levels of misdemeanor theft and three grades of felony theft, based on value of the stolen property (or services). § 7-104(g).[2]

---

[2] The statutory language reads in relevant part:

(a) **Unauthorized control over property.** — A person may not willfully or knowingly obtain or exert unauthorized control over property, if the person:
    (1) intends to deprive the owner of the property;
    (2) willfully or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
    (3) uses, conceals, or abandons the property knowing the use, concealment, or abandonment probably will deprive the owner of the property.
***

(g) **Penalty.** — (1) A person convicted of theft of property or services with a value of:
    (i) at least $1,000 but less than $10,000 is guilty of a felony and:
        1. is subject to imprisonment not exceeding 10 years or a fine not exceeding $10,000 or both; and
        2. shall restore the property taken to the owner or pay the owner the value of the property or services;
    (ii) at least $10,000 but less than $100,000 is guilty of a felony and:
        1. is subject to imprisonment not exceeding 15 years or a fine not exceeding $15,000 or both; and
        2. shall restore the property taken to the owner or pay the owner the value of the property or services; or
    (iii) $100,000 or more is guilty of a felony and:
        1. is subject to imprisonment not exceeding 25 years or a fine not exceeding $25,000 or both; and
        2. shall restore the property taken to the owner or pay the owner the value of the property or services.

Depending upon the offense of which the defendant is found guilty, the penalty ranges from 90 days in jail or a fine not exceeding $500 or both, to 25 years incarceration or a fine not exceeding $25,000 or both. If found guilty under Count Four, prior to amendment, Petitioner would have faced a maximum sentence of 18 months' imprisonment and a fine not exceeding $500. After the amendment, he faced a potential maximum sentence of ten years' imprisonment and a fine of $10,000.

Whether the trial court should have permitted that amendment depends on whether the amendment changed the character of the offense by changing the elements to be proven. The State contends that theft of $1,000 or greater "does not require proof of a different or additional act from theft under $1,000." The "act" to which the State evidently refers is theft of property having "some" value, regardless the amount.

---

(2) Except as provided in paragraphs (3) and (4) of this subsection, a person convicted of theft of property or services with a value of less than $1,000, is guilty of a misdemeanor and:
  (i) is subject to imprisonment not exceeding 18 months or a fine not exceeding $500 or both; and
  (ii) shall restore the property taken to the owner or pay the owner the value of the property or services.
(3) A person convicted of theft of property or services with a value of less than $100 is guilty of a misdemeanor and:
  (i) is subject to imprisonment not exceeding 90 days or a fine not exceeding $500 or both; and
  (ii) shall restore the property taken to the owner or pay the owner the value of the property or services.
Subsection (4) addresses the increased maximum penalty for one who has "two or more prior convictions under this subtitle and who is convicted of theft of theft of property or services with a value of less than $1,000 . . . ." This subsection does not come into play in this case.

The State maintains that the amount of the value is not an element of the crime in part because the value-based gradations of theft are listed under § 7-104(g), titled "*Penalty*," and thus only come into play at sentencing. Consequently, the amendment to Count Four did not change the character of the offense charged in that count. Petitioner counters that our case law on the subject makes clear that, insofar as it concerns felony theft, the amount of value of the stolen property is an element of the offense. We conclude that Petitioner has the better part of the argument.

One of the leading cases on the subject is *Hagans v. State*, 316 Md. 429 (1989). At the time of *Hagans*, the consolidated theft statute—then codified at Md. Code Ann., Crim. Law (1987), Art. 27, §§ 340-344—provided for two value-driven gradations of theft: theft of property valued at under $300, a misdemeanor, and theft of property valued at $300 or more, a felony, *see* Art. 27, § 342(f). *Hagans*, 316 Md. at 438. The principal question before us in *Hagans* was "whether, as a matter of Maryland common law, a defendant ordinarily can be convicted of an offense which is not charged but which is a lesser included offense of one that is charged." *Id*. at 433. The State had argued that the amount of theft was solely a matter to be decided by the judge at sentencing. *Id.* at 437. We disagreed, stating:

> The fact that the consolidated theft statute designates theft as a single crime, and that the division into felonious and non-felonious theft may have been chiefly for the purpose of punishment, does not lead to the conclusion that a value of $300 or more is not an element of felonious theft, or that value becomes pertinent only at sentencing, or that non-felonious theft is not a lesser included offense.

*Id.* at 440.

7

We recognized that, "[w]ith respect to being a single crime divided for purpose of punishment, theft is completely similar to larceny[,]" the statutory crime's common law antecedent. *Id*. Although "[l]arceny at common law was a single offense . . . divided into grand larceny and petty larceny for the purpose of punishment[,] . . . valuation was regarded as an element of grand larceny, and the State at trial was required to prove that the goods stolen had a value of $100 or more." *Id*. at 440-41 (collecting cases). "Because the prosecution was required to prove, as an element of grand larceny, the requisite valuation, it followed that grand larceny was the greater offense and petty larceny was treated as a lesser included offense." *Id*. at 441. Particularly relevant to the present case, we added:

> [A]fter petty larceny was made a misdemeanor, one of the reasons for treating the requisite valuation as an element of grand larceny . . . was that grand larceny was felonious and petty larceny non-felonious. One has a right, long before the sentencing phase of his trial, to know whether he is being charged with a felony or a misdemeanor. . . . The same reason is fully applicable under the consolidated theft statute. One should know, long before the imposition of sentence, whether he has been charged with a felony or a misdemeanor.

*Id*. (citations omitted).

We pointed out in *Hagans* that the statutory form charging document also indicates that valuation is an element of the offense to be set forth in the charging document. *See id*. at 441-42 (quoting the text of the form charging document, found at that time at Article 27, § 344(a)). The statutory form charging document, now found at § 7-108(a), continues to include the value of the property stolen as part of the charge. It reads:

> (name of defendant) on (date) in (county) stole (property or services stolen) of (name of victim), having a value of (less than $1,000, at least $1,000 but less than $10,000, at least $10,000 but less than $100,000, or $100,000 or

8

more) in violation of § 7-104 of the Criminal Law Article, against the peace, government, and dignity of the State.

We discussed in *Hagans* a number of other crimes, each of which, though considered a single crime, is divided into levels of seriousness and, depending upon the form of the crime charged, requires proof at trial of different or additional elements. *See id*. at 442-44 (addressing examples). One of the crimes we discussed was malicious destruction of property. We looked to *Spratt v. State*, 315 Md. 680 (1989).

We stated in *Spratt* that, although malicious destruction of property is traditionally regarded as a single offense, "Maryland has codified the offense so that for many purposes it is treated as two separate crimes based upon the value of the property destroyed." *Id*. at 681. We held that, because value is an element of the greater offense, the State "must specifically charge and prove the value of the destroyed property [is] greater than $300. The defendant is entitled to a finding by the trier of fact that the State's charge of the greater offense was proven beyond a reasonable doubt." *Id*. at 686. We added: "Maryland case law generally supports the notion that where a criminal statute separates the offense by a value determination, it is necessary for the State to prove value in terms of the sufficiency of the evidence."[3] *Id*.

---

[3] The State points out that, in 1998, the General Assembly amended the statutory offense of malicious destruction of property, *see* Md. Code Ann., Crim. Law § 6-301(f)(1) (2002, 2012 Repl. Vol.) so as to abrogate, in effect, our holdings in those cases that include the value of the stolen goods as an element of theft. The General Assembly amended § 6-301 with language that removes the value of the damage as an element of the offense and negates the need for stating in the charging document the value of the property destroyed. Putting aside the effect that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), might have on the 1998 amendment to § 6-301(f)(1)—a matter we do not address here—we are not

9

*Hagans* and the authority discussed in that case stand for the proposition that value of the article(s) stolen is a necessary element of the crime of theft of property having a value of between $1,000 and $10,000, charged by amendment here, as well as, of course, the more serious forms of felony theft. Stated somewhat differently, where, as here, the value of the property stolen "is so inextricably tied to the critical matters of the . . . permissible or mandated punishment[,]" *State v. Simpson*, 318 Md. 194, 198 (1989), the State must allege and prove to the trier of fact that the value of the stolen property falls at or above the threshold value established by the General Assembly for the penalty associated with that form of theft. *See also Spitzinger v. State*, 340 Md. 114, 121 (1995) (holding, in the context of deciding that felony theft does not merge with robbery under the required evidence of *Blockburger v. United States*, 284 U.S. 299 (1932), that "[f]elony theft requires a taking of property that has a value of $300 or greater and that value must be charged and proved to the trier of fact[]"); *Wadlow v. State*, 335 Md. 122, 131-32 (1994) (relying on, *e.g.*, *Spratt* and *Hagans*, in holding that the quantity of drugs involved in the charge of possession of drugs with the intent to distribute is an element of the offense and therefore must be alleged and proved to the trier of fact, if the State intends to depend upon the quantity of drugs involved in seeking an enhanced sentence). The logic of each one of these cases dictates, and the holdings of *Hagans* and *Spitzinger* expressly declare, that the

persuaded that the General Assembly's amendment of § 6-301 undercuts what we have had to say about the elements of felony theft.

10

amount of value of the property (or services) stolen is an element of felony theft. We therefore hold that, if the State seeks to have the defendant convicted of one or another specific grade of felony theft, the State must allege and prove that the value of the property stolen is an amount at or more than the threshold value for that grade of felony charged.

*Jupiter v. State,* 328 Md. 635 (1992), upon which the State relies, does not run counter to this holding. We stated in *Jupiter* that "[a] theft must have as its object something of value. Quantifying the value is not important to whether a theft was committed. Nevertheless, it is essential that the thing taken have *some* value." *Id.* at 640 (emphasis in original). That statement, given the context in which we made it, was not incorrect; it is a truism that one cannot commit a theft without taking an object having "some value."[4] As *Hagans*, *Spitzinger*, and the other cases discussed above demonstrate, the State's asserted applicability to this case of the language it takes from *Jupiter* distorts its intended meaning. Moreover, as the State employs that language here, it runs directly afoul of what our cases hold on the matter squarely at issue in the present case: that the amount of value is an element of felony theft and must be alleged in the charging document.

---

[4] The crime at issue in *Jupiter* was robbery of a six-pack of beer. 328 Md. at 636-37. We stated the issue before us as "whether forcibly taking from a licensed seller of alcoholic beverages beer that the seller intended to sell to legally eligible members of the public constitutes robbery where full payment is made." *Id.* at 636. Our research discloses that we have not once cited the "some value" language of *Jupiter, id.* at 640, much less interpreted that language to support the proposition the State advances here: that "[t]he value of the goods stolen is not an element of theft."

11

It remains for us to decide whether a change in the charging document to alter or add an element changes the character of the offense charged and is thereby impermissible absent the consent of the defense. Our case law provides the answer.

We begin with *Johnson v. State*, 358 Md. 384 (2000). At issue was whether an amendment to the charging documents from possession of marijuana to possession of crack cocaine changed the character of the charged offenses. *Id.* at 387. We recognized that, when a charging document alleges a violation of a Code section that prohibits several different acts, the charging document may not be amended to charge an act not alleged in the original document. Applying that principle to the facts before us, we held that the act of possessing cocaine is substantively different from the act of possessing marijuana; therefore the amendment changed the character of the offense and, in the absence of Johnson's consent to the amendment, violated Maryland Rule 4-204. *Id.* at 390-392. *See also Busch v. State*, 289 Md. 669, 673, 679 (1981) (holding that a change to a charging document from resisting, hindering, or obstructing an officer in the performance of his duties, to resisting arrest, changed the character of the offense because "the offense of resisting arrest requires proof of an act different from or additional to the acts necessary to prove the offense of resisting, hindering, or obstructing an officer in the performance of his duties."); *Brown v. State*, 285 Md. 105 (1979) (holding that the trial court erred in permitting the State to substitute "one Ford Automobile" for "$5,462.80"—the alleged cash value of the automobile—as the property obtained by passing a check. The amendment was an impermissible substantive change, in violation of the then-extant version of Rule 4-204.); *Thanos v. State*, 282 Md. 709, 711 (1978) (holding that the trial court violated

12

Maryland Rule 713a—now Maryland Rule 4-204—in allowing the State to amend the shoplifting charge from "altering" a price tag to "removing" a price tag because the amendment "change[d] the basic description of the offense").

In the present case, the amendment to Count Four substituted felony theft for misdemeanor theft. Felony theft added the element that the property stolen has a value of at least $1,000, requiring proof of an element the original offense did not require, and thereby changing the basic character of the offense. Maryland Rule 4-204, which gives effect to Article 21 of our Maryland Declaration of Rights, mandates that, for such an amendment to be allowed, Petitioner would have had to consent to it. He did not. The court, therefore, erred in allowing the amendment.

Finally, contrary to the State's argument, the error was not harmless. We stated in *Johnson*:

> The purpose of Maryland Rule 4-204, governing the amendment of charging documents, is to prevent any unfair surprise to the defendant and his counsel. Contrary to the State's argument [of harmless error], the line between an amendment which is deemed prejudicial, and one which is not deemed prejudicial, is drawn by the language of the Rule itself. *If the State's proposed amendment changes the character of the offense, and the defendant does not consent, then the amendment is deemed prejudicial to the defendant.*

358 Md. at 392 (emphasis added).

In summary, the trial court violated Rule 4-204 in permitting the State, over Petitioner's objection, to amend the charging document so as to change the character of the offense by inserting an element that, before the amendment, the State did not have to prove to the jury. That violation was prejudicial per se, entitling Petitioner to reversal of the felony theft judgment of conviction and a remand to the Circuit Court for entry of a

judgment of conviction and imposition of sentence on the originally charged misdemeanor

of theft of property valued at less than $1,000.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE JUDGMENT OF CONVICTION OF FELONY THEFT AND REMAND THE CASE TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY HOWARD COUNTY.**

14