**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2289**

FRANKLIN A. ENANG,

          Petitioner,

     v.

JEFFERSON B. SESSIONS III, Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 8, 2018                         Decided:  May 17, 2018

Before KEENAN and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Mariam Masumi Daud, JOHNSON & MASUMI, P.C., Vienna, Virginia, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Kohsei Ugumori, Senior Litigation Counsel, Sarah K. Pergolizzi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin A. Enang, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision finding him removable as charged and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

Enang contends that he is not removable because his Maryland conviction for conspiracy to distribute a controlled dangerous substance is not categorically a controlled substance offense for purposes of 8 U.S.C. § 1227(a)(2)(B)(i) (2012). Moreover, he asserts that the offense is not a divisible one requiring proof of the particular controlled substance at issue. Upon de novo review, we conclude that Enang's conviction is a removable controlled substance offense. *See Argaw v. Ashcroft*, 395 F.3d 521, 524 (4th Cir. 2005) (stating standard of review). We agree with the Board that, under Maryland law, Enang's conviction was a divisible offense. *See United States v. Vinson*, 794 F.3d 418, 425 n.5 (4th Cir. 2015) (stating that courts look to state law to determine if state statute is divisible). "[T]he identification of the particular controlled dangerous substance involved in a given offense is so inextricably tied to the critical matters of the appropriate unit of prosecution and the permissible or mandated punishment that it must be treated as an element of the offense." *State v. Simpson*, 567 A.2d 132, 133 (Md. 1989). Thus, for example, an amendment to the indictment that changes the identity of the controlled substance, "changes an element of the offense charged, and charges the defendant with a different offense." *Johnson v. State*, 749 A.2d 769, 773 (Md. 2000); *see also Anthony v. State*, 699

2

A.2d 505, 508-09 (Md. Ct. Spec. App. 1997) (stating that, for drug conspiracy offense, state must prove agreement to distribute particular controlled substance).

Because Enang's conviction was for a divisible offense, the IJ and the Board properly examined specific approved documents under the modified categorical approach to reach the conclusion that Enang's drug distribution conspiracy involved marijuana, a controlled substance under federal law. *See* 21 U.S.C. § 812(c)(10) (2012); *Moncrieffe v. Holder,* 569 U.S. 184, 191 (2013) (describing appropriate documents). Accordingly, because Enang was removable as charged, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*