87 P.3d 1206 (2004)
STATE of Washington, Respondent,
v.
RONALD F. Arth, Appellant.
No. 51801-1-I.
Court of Appeals of Washington, Division 1.
April 19, 2004.
Eric Nielson, Seattle, WA, for Appellant.
Carla Carlstrom, King Co Pros Office, Seattle, WA, for Respondent.
AGID, J.
Appellant Ronald Arth appeals his conviction of first degree malicious mischief. He contends the trial court erred by failing to instruct the jury on the law of self-defense when he argued at trial that he damaged a vehicle only in an effort to prevent the driver from injuring him with the car. We conclude that the self-defense statute may apply to a charge of malicious mischief when the property damaged was used to threaten the accused with bodily harm. In this case, there was sufficient evidence in the record supporting Arth's claim of self-defense under this theory. The trial court erred in not instructing the jury on self-defense. Because this error was not harmless and Arth was unable to argue his theory of the case, we reverse and remand to the trial court for further proceedings.

*1207 FACTS
On February 5, 2002, Dean Savelli left a gas station in Renton, Washington. He allegedly blocked the entrance with his car and inadvertently prevented Arth from entering the station. Arth backed up his car, entered through a different driveway, and dropped off his passenger, Scott Thiessen, who went into the gas station's convenience store. Both Savelli and Arth got out of their cars and began to argue about their respective driving skills. The argument was heated and involved profane language and gestures. Eventually, Savelli ended the argument by getting back in his car.
According to Savelli, when he got back in his car, Arth began kicking the side panel and then jumped on the car and pounded it with his fists. Savelli testified that he believed Arth was trying to get in the car to hit him so he put his car in reverse, knocking Arth to the ground, and drove away. According to Arth, Savelli threatened him with a gun during the initial verbal argument. When Savelli returned to his car, Arth began walking away, thinking the altercation was over. Savelli then backed up his car, hitting Arth in the leg.[1] Arth responded by kicking Savelli's car. When Savelli put his car into reverse again, Arth believed Savelli was going to pin him between the building and the car so he jumped on top of the car and pounded it with his fists "until it moved."[2] Savelli then drove away. Both men called the police after the incident.
The State charged Arth with one count of malicious mischief in the first degree. At trial, Arth admitted that he damaged the car but said he did so only because he was afraid and wanted to prevent Savelli from injuring him. Accordingly, Arth requested the following self-defense instruction at trial:
It is a defense to a charge of malicious mischief in the first degree that the force used was lawful as defined in this instruction.
The use of force upon or toward the person or property of another is lawful when used by a person who reasonably believes that he or she is about to be injured in preventing or attempting to prevent an offense against the person and when the force is not more than is necessary.
The person using the force may employ such force and means as a reasonably prudent person would use under the same or similar conditions as they appeared to the person, taking into consideration all of the facts and circumstances known to the person at the time and prior to the incident.
The State has the burden of proving beyond a reasonable doubt that the force used by the defendant was not lawful. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty.
The State objected to the instruction because Arth was charged with malicious mischief and the State asserted self-defense is not available to defend against that charge. Although the trial court ruled initially that it would give the instruction, it later reversed its ruling and refused to give it, concluding that the malicious mischief instruction and accompanying definition of the term "malice" were sufficient to allow Arth to argue his theory of the case. Arth appeals.

ANALYSIS

I. Self-defense as an affirmative defense to malicious mischief
While it is undisputed that self-defense may be asserted in cases involving crimes against persons such as assault[3] and murder,[4] whether the defense is available in *1208 a malicious mischief case is an issue of first impression in Washington. Arth argues that this court should adopt the reasoning in Boget v. State,[5] a Texas case, and conclude that self-defense should be available to a person charged with a property crime. He relies on the plain language of Washington's self-defense statute, the location of the statute in the criminal code, and public policy considerations. The State argues that the plain language of the statute limits its application because the "force" Arth applied to defend himself was not toward a person but toward an object (Savelli's car). It also contends that Boget v. State is not persuasive authority. We agree with Arth that, under these facts, self-defense may be asserted as an affirmative defense to malicious mischief.
First, the plain language of RCW 9A.16.020(3) does not limit self-defense to crimes against a person, but permits the defense when force is used toward a person. The statute states:
The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following case[ ]:
. . . .
(3) Whenever used by a party about to be injured, or by another lawfully aiding him or her, in preventing or attempting to prevent an offense against his or her person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his or her possession, in case the force is not more than is necessary.[[6]]
Statutes must be interpreted according to their plain meaning to give effect to Search Term Begin legislative intent.[7] The self-defense statute does not expressly limit its application to assault or homicide. In fact, the statute's language appears to permit application of the defense whenever a person (Arth) uses force toward another person (Savelli) in an attempt to prevent an offense against him (Arth). And the mere fact that the "use of force" in a particular case does not actually reach the aggressor, but rather damages the weapon, is not relevant as long as the force is used toward the person of another. Because the statute suggests the use of force in this situation may be lawful, a defendant must be allowed to defend against criminal liability for the results of the force whether it is damage to property or to a person.
The State's position limiting the defense to crimes against persons raises public policy concerns. Under the State's reasoning, a person who defends himself could not assert self-defense if he used the least possible amount of force to prevent an attack by damaging the weapon rather than the person, while a person who used the greater amount of force to injure the person would have the defense available to him. In Boget, the Court of Criminal Appeals of Texas was confronted with very similar facts. In rejecting the State's position, the court observed:
For instance, assume a person is about to be run down by a speeding car. If she brandishes her pistol and fires at the front tires of the car to stop the vehicle, she will not receive a charge on self-defense should she be indicted for criminal mischief. On the other hand, if she shoots the driver she is entitled to a charge on self-defense in a murder prosecution.... [[8]]
The Boget court noted that legal scholars were divided on the question of whether self-defense is available in crimes against property.[9] THE LAW IN OTHER Jurisdictions reflects this division.[10] Therefore, it relied primarily *1209 upon policy considerations and legislative intent to determine that self-defense was available in crimes against property "where the mischief arises out of the accused's use of force against another."[11] Although the Texas and Washington statutes differ,[12]Boget's rationale incorporates sound public policy. It encourages a defendant to use the least amount of force necessary to protect himself without compromising his defense at trial.[13]
Third, the Washington statute's location in the criminal code suggests the Legislature did not intend to limit its application to crimes against a person.[14] If the Legislature intended that interpretation, it could have placed the self-defense statute in Search Term End the assault and homicide portions of the code. But it did not; rather, it placed the statute in chapter 9A.16 RCW, which provides all the statutory defenses available to a person charged with a crime.
Finally, we note that if the State had charged Arth with assault under this precise set of facts, self-defense would have been available to him. There is no logical or legal reason why the right to protect oneself should turn on the State's charging decision in a particular case. This is particularly true when a defendant like Arth is denied the right to claim self-defense simply because he directed the force toward an alleged aggressor like Savelli who was protected by the very weapon he was wielding.
In sum, self-defense may be available to a person charged with malicious mischief when the damage arises out of the accused's use of force against another.[15]

II. Sufficiency of evidence
We must now determine whether there is sufficient evidence in the record *1210 supporting Arth's theory of self-defense.[16] Only when the record contains no credible supporting evidence will the trial court be justified in denying a request for a jury instruction.[17] In this case, there is enough evidence in the record supporting self-defense to require the trial court to give the instruction. Both Arth and Thiessen testified that Arth beat on the car only after Savelli hit him with it. Arth testified he only struck the car only in an effort to prevent Savelli from hitting him again. A reasonable jury could conclude that Arth used force on the car only in an effort to prevent Savelli from hitting him again or injuring him.

III. Harmless error
An error affecting a defendant's self-defense claim is constitutional in nature and requires reversal unless it is harmless beyond a reasonable doubt.[18] We conclude the failure to give a self-defense instruction in this case was not harmless.
Under RCW 9A.48.070(1)(a), "a person is guilty of malicious mischief in the first degree if he knowingly and maliciously ... [c]auses physical damage to the property of another in an amount exceeding one thousand five hundred dollars." RCW 9A.04.110(12) defines malice:
"Malice" and "maliciously" shall import an evil intent, wish, or design to vex, annoy, or injure another person. Malice may be inferred from an act done in willful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a willful disregard of social duty[.]
The trial court concluded and the State argues here that a self-defense instruction was not necessary because the jury instruction defining "malice" was sufficient to allow Arth to argue his theory. The trial court ruled:
I find that the malice instruction does, WPIC 2.13 gives you a great opportunity to argue [a] theory that it wasn't an evil intent to annoy or injure [the] other person, but it was a different intent, a different reaction.
And I guess it would be self-defense. So I think you have the opportunity to argue that there. So I think we will not give your WPIC 17.02 [on self-defense].
The jury was instructed that "malice" is an "evil intent, wish, or design to vex, annoy, or injure another person. Malice may be, but is not required to be, inferred from an act done in willful disregard of the rights of another." But these instructions fail to tell the jury that it must consider all the facts and circumstances as they appeared to Arth at the time of the incident. Proper instructions also would have informed the jury that if Arth proved he acted in self-defense, his use of force is lawful and his mental state is irrelevant. Without a proper instruction, the jury could have concluded that because Arth intended to vex and annoy Savelli, it was obligated to convict him of the crime despite his claim of self-defense.
In addition, the self-defense instruction was necessary to inform the jury that the State has the burden of proving the absence of self-defense. Washington cases clearly require that self-defense instructions tell the jury the State has the burden of proving the elements of the crime charged and the absence of self-defense.[19] The proper instruction here would change the way the jury evaluated the evidence, placing the burden on the State. We conclude the error is not harmless beyond a reasonable doubt.
Reversed and remanded to the trial court for further proceedings.
WE CONCUR: SCHINDLER and GROSS, JJ.
NOTES
[1] Thiessen also testified at trial that he saw Savelli hit Arth with his car.
[2] Arth dented the car with his foot and shattered the sun roof with his fist.
[3] See generally State v. Acosta, 101 Wash.2d 612, 683 P.2d 1069 (1984) (defendant asserted self-defense in a second-degree assault case).
[4] See generally State v. Janes, 121 Wash.2d 220, 850 P.2d 495 (1993) (defendant asserted self-defense in a second-degree murder case); State v. McCullum, 98 Wash.2d 484, 656 P.2d 1064 (1983) (defendant asserted self-defense in a first-degree murder case).
[5] 74 S.W.3d 23 (Tex.2002).
[6] (Emphasis added.)
[7] Gallo v. Dep't of Labor & Indus., 119 Wash. App. 49, 81 P.3d 869 (2003).
[8] Boget, 74 S.W.3d at 30-31.
[9] Id. at 28 (citing Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law 455, n. 2 (2d ed. HB, West Publishing Co. 1986) (suggesting that self-defense is appropriate only for crimes committed against a person in defending oneself); Jerome Hall & Gerhard Mueller, Cases and Readings on Criminal Law and Procedure 663 (2d ed. Bobbs Merrill 1965) (suggesting that a person can claim self-defense to justify other offenses, including property crimes.))
[10] The Texas court refused to find any one case dispositive because they "cut[] both ways." Boget, 74 S.W.3d at 30. However, our review of these cases suggests that is not an accurate characterization of the cases, which either permit self-defense in property crimes or do not reach the issue. Nor does the State in this case cite cases in any jurisdiction that explicitly reject self-defense in property crime cases. See United States v. Young, 464 F.2d 160, 164 n. 6 (5th Cir. 1972) (analogizing an intentional act of damage or destruction to assault in that it may be justified by necessity or self-defense, stating that "[s]uch justification for the act of destruction would negate the criminal mens rea"); Seibold v. State, 959 P.2d 780, 781-82 (Alaska Ct.App.1998) (defendant charged with malicious mischief for destroying a handgun he took from a woman arguing with her husband was entitled to jury instructions on necessity); People v. Pons, 68 N.Y.2d 264, 508 N.Y.S.2d 403, 501 N.E.2d 11 (1986) (limiting self-defense to cases involving use of force, but not discussing whether it applies in property crimes); People v. Grass, 126 Ill. App.3d 540, 81 Ill.Dec. 693, 467 N.E.2d 393, 395-97 (5th Dist.1984) (defendant charged with felony criminal damage to property, who asserted self-defense and presented self-defense instructions to the jury, was also entitled to a jury instruction informing jury that it must fix his financial responsibility according to his criminal responsibility). The Boget court also cites two unpublished cases. (One suggests that self-defense is permitted in property crimes to negate the mens rea of intent. The other limits self-defense to cases involving force against a person without addressing whether the force must actually reach the person it is directed against).
[11] Boget, 74 S.W.3d at 31.
[12] The Texas malicious mischief statute states in relevant part:

(a) A person commits an offense [of criminal mischief] if, without the effective consent of the owner:
(1) he intentionally or knowingly damages or destroys the tangible property of the owner[.]
Tex. Pen.Code § 28.03 (emphasis added).
The Washington statute provides in relevant part:
A person is guilty of malicious mischief in the first degree if he knowingly and maliciously... [c]auses physical damage to the property of another in an amount exceeding one thousand five hundred dollars[.]
RCW 9A.48.070(1)(a) (emphasis added).
[13] Arth argues this is consistent with the manifest purpose of the statute, but notably absent in this case is evidence about the purpose of the Washington self-defense statute. Better evidence of legislative intent was presented in Boget. But, absent evidence that the Legislature had any other intent, it would be absurd to hold that the Legislature intended a result inconsistent with encouraging the least amount of force in self-defense cases.
[14] In re Percer, 150 Wash.2d 41, 50, 75 P.3d 488 (2003) (a court may look to a statute's location in the criminal code as one indication of the Legislature's intent).
[15] We reject the State's argument that because Arth did not concede all the elements of the crime, he cannot assert self-defense. The State does not cite any authority supporting this contention. In addition, proving self-defense negates the mens rea of a crime, so whether or not Arth conceded he acted with malice would be irrelevant.
[16] See State v. Williams, 132 Wash.2d 248, 259, 937 P.2d 1052 (1997) (a party is entitled to an instruction on his theory of the case when there is evidence in the record to support the theory).
[17] McCullum, 98 Wash.2d at 488, 656 P.2d 1064.
[18] Id. at 497, 656 P.2d 1064.
[19] Acosta, 101 Wash.2d at 621, 683 P.2d 1069.